THE PEOPLE v. CHARLES QUICK.

*Criminal law—Testimony in one's own defence—Obligation to call witnesses named on information.*

The purpose of permitting the respondent in a criminal prosecution to testify on his own behalf is to enable him to present his own defence.

The prosecution in a criminal case are not obliged to call all the witnesses that are named on the information.

Exceptions before judgment from Oakland. (Stickney, J.) Oct. 19.—Oct. 19. Opinion filed February 7, 1884.

LARCENY. Respondent was convicted. Reversed.

*Thos. L. Patterson, A. R. Tripp* and *T. J. Davis* for appellant.

Attorney General *Jacob J. Van Riper* for the People.

PER CURIAM. The defendant in this case was a witness on his own behalf. The charge was of larceny of a watch. The defendant did not deny taking the watch, and the question at issue was the felonious intent. The defendant had picked up the owner of the watch from the ground in the public street where, as he testified, he was lying partly on his face. He raised him up and tried to have him stand on his feet. He was then asked by his counsel "Why did you do that?" This was objected to "as permitting the defendant to make his own defence," and ruled out. This was error. The purpose in permitting the defendant to testify on his own behalf is precisely this: to permit him to make his own defence. Further explanations by him were cut off by the like objections.

Other questions are raised not likely to come up on another trial, and we do not consider them. One may be mentioned, however, namely, whether the prosecution is under obligation to produce on the trial every person named as a witness on the information. We think not.