PEOPLE v SIMMONS

Docket No. 76597. Submitted December 19, 1984, at Detroit.—Decided
    February 6, 1985. Leave to appeal applied for.

Kelvin B. Simmons was convicted of breaking and entering with
    intent to commit a felony, assault with intent to commit first-
    degree criminal sexual conduct, and first-degree criminal sexual
    conduct by a jury in Detroit Recorder's Court and was sen-
    tenced, John Patrick O'Brien, J. Defendant appealed. *Held:*

    1. The trial court did not err by not insisting upon an on-the-
    record waiver by defendant of his right to testify in his own
    behalf. The right to testify is deemed waived where the defen-
    dant chooses not to testify or acquiesces in his attorney's
    decision that he not testify.

    2. Defendant's allegation that his defense counsel failed to
    present any defense theory or witnesses and failed to advise
    defendant that he had a right to testify does not entitle
    defendant to any relief. Defense counsel presented a theory of
    mistaken identity, and the decision whether or not to call
    witnesses is a matter of trial strategy. Defendant has not
    alleged that he was ignorant of his right to testify, or that he
    would have testified had he been given the choice, and he has
    not stated how he would have testified had he been given the
    opportunity. Defense counsel's conduct falls within the range of
    reasonable professional assistance.

    Affirmed.

1. CRIMINAL LAW — TRIAL — RIGHT TO TESTIFY — WAIVER.
    There is no requirement that a defendant's waiver of his right to
    testify be made in open court, on the record.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21A Am Jur 2d, Criminal Law §§ 633, 634.
    28 Am Jur 2d, Estoppel and Waiver § 163.
[2] 21A Am Jur 2d, Criminal Law § 936 *et seq.*
    81 Am Jur 2d, Witnesses § 110.
[4] 21A Am Jur 2d, Criminal Law § 985.
    Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

2. CRIMINAL LAW — TRIAL — RIGHT TO TESTIFY.

  A court must grant a defendant's request to testify in his own
  behalf, even over his counsel's objection.

3. CRIMINAL LAW — TRIAL — RIGHT TO TESTIFY — WAIVER.

  A defendant's right to testify will be deemed waived where he
  decides not to testify or acquiesces in his attorney's decision
  that he will not testify.

4. CRIMINAL LAW — RIGHT TO COUNSEL — FAILURE TO CALL WITNESSES.

  A defendant is entitled to relief because of his counsel's failure to
  call a witness only where the failure deprives the defendant of
  a substantial defense.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Edward Reilly Wilson*, Deputy Chief, Civil and Appeals, and *Jan J. Raven*, Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen*, for defendant on appeal.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

SHEPHERD, J. A jury convicted defendant of each charge contained in a three-count information, to-wit: breaking and entering with intent to commit a felony, MCL 750.110; MSA 28.305, assault with intent to commit first-degree criminal sexual conduct, MCL 750.520g; MSA 28.788(7), and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant did not testify at trial. The trial court sentenced him to concurrent prison terms of from 5 to 15 years, 5 to 10 years and 15 to 25 years. Defendant appeals as of right, claiming that the trial court erred by not insisting upon an on-the-record waiver by defendant of his right to testify in his own behalf. We find that no such procedure is required, and affirm the convictions.

Defendant asserts that an accused has a fundamental right to testify at trial. According to defendant, the importance of this right creates an obligation on the part of the trial court to ensure that defendant's waiver of the right is knowing and voluntary. There are no authoritative decisions on this issue in this jurisdiction. Defendant cites *People v Curtis*, 681 P2d 504, 512 (Colo, 1984), in support of his claim. In *Curtis*, the Colorado Supreme Court held "that the right to testify is so fundamental that the effectiveness of its waiver must be tested by the same constitutional standards applicable to waiver of the right to counsel". See, *Johnson v Zerbst*, 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1983). The court acknowledged that it was in the minority of courts which have considered the issue:

"While the courts have generally accepted that the constitutional right to testify imposes certain obligations on defense counsel, a majority of courts addressing the issue have not required that waiver of the right to testify be made in open court, on the record. See *United States v Ives*, 504 F2d 935 (CA 9, 1974), *vacated on other grounds* 421 US 944 [95 S Ct 1671; 44 L Ed 2d 97] (1975); *People v Mosqueda*, 5 Cal App 3d 540; 85 Cal Rptr 346 (1970); *State v McKinney*, 221 Kan 691; 561 P2d 432 (1977); *State v Hutchinson*, 458 SW2d 553 (Mo, 1970); *State v Albright*, 96 Wis 2d 122; 291 NW2d 487, *cert den* 449 US 957 [101 S Ct 367; 66 L Ed 2d 223] (1980). *But see Culberson v State*, 412 So 2d 1184 (Miss, 1982); *Hollenbeck v Estelle*, 672 F2d 451, 452 (CA 5, 1982); *State v Noble*, 109 Ariz 539; 514 P2d 460 (1973)." *Curtis, supra*, p 512, fn 9.

We agree with defendant's assertion that the criminal defendant has a right to testify at trial and that this right is so entrenched in concepts of ordered liberty that it has attained constitutional status. US Const, Am XIV; Const 1963, art 1,

§§ 17, 20. It has been more than a century since the Legislature removed the common law disqualification of defendants from testifying. MCL 600.2159; MSA 27A.2159, *People v Renno,* 392 Mich 45, 52; 219 NW2d 422 (1974). In *People v Quick,* 51 Mich 547; 18 NW 375 (1884), the Supreme Court stated, "The purpose in permitting the defendant to testify on his own behalf is precisely this: to permit him to make his own defence." We hold that an accused's right to convey his side of the story to the jury is contained in the constitutional guarantee of due process of law.

This conclusion does not resolve the instant matter, however. For example, the right to secure witnesses for the defense is also a fundamental right, US Const, Am VI; Const 1963, art 1, § 20, yet we have held that selection of defense witnesses, if any, is a strategic consideration left to the trial attorney. *People v Harlan,* 129 Mich App 769, 779; 344 NW2d 300 (1983); *People v Grant,* 102 Mich App 368, 374; 301 NW2d 536 (1980). We agree with the majority of courts which have addressed this issue and decline to require an on-the-record waiver of defendant's right to testify. Such a requirement would necessarily entail the trial court's advising defendant of his right to testify. As the Wisconsin Supreme Court stated in *Albright, supra,* a formal waiver requirement might "provoke substantial judicial participation that could frustrate a thoughtfully considered decision by the defendant and counsel who are designing trial strategy". Moreover, as noted by the Court in *United States v Ives,* 504 F2d 935, 939-940 (CA 9, 1974):

"The privilege of a criminal defendant to testify is the other side of the coin on which appears the privilege against self-incrimination. In the context of a

criminal trial, the latter privilege is 'claimed' by the defendant's doing nothing; in fact it need not be 'claimed' at all. The defendant simply does not testify. If he does not elect to testify, he must be deemed to have waived his privilege to do so. It would make no sense and, in the light of *Griffin v California,* 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965), it would introduce possible error into the trial to require that the court or the prosecutor ask the defendant whether he wishes to testify. That is the reason why the defendant must claim his privilege to testify or be deemed to have waived it."

Our holding does not leave defendants without protection insofar as their right to testify is concerned. If the accused expresses a wish to testify at trial, the trial court must grant the request, even over counsel's objection. If the record shows that the trial court prevented defendant from testifying, we will not hesitate to reverse its judgment. On the other hand, if defendant, as in this case, decides not to testify or acquiesces in his attorney's decision that he not testify, "the right will be deemed waived". *Albright, supra.*

Defendant prays for a remand for an evidentiary hearing regarding defense counsel's "failure to present any defense theory, witnesses, or to advise defendant that he had a right to testify". Neither these allegations nor the record before us provide any basis for relief. Counsel presented a theory of mistaken identification. As noted above, whether to call witnesses is a matter of trial strategy. Defendant does not refer specifically to any individuals whose testimony would have aided his cause. Only where counsel's failure to call a witness deprives defendant of a substantial defense is he entitled to relief. *People v Armstrong,* 124 Mich App 766, 771-772; 335 NW2d 687 (1983). As for counsel's alleged failure to tell the defendant of

his right to testify, it is noteworthy that defendant fails to allege that he was ignorant of that right. Even assuming he was unaware, defendant does not allege that he would have testified if presented with the option. Finally, there is no indication of what his testimony would have been. We presume "that counsel's conduct falls within the wide range of reasonable professional assistance". *Strickland v Washington,* — US —; 104 S Ct 2052; 80 L Ed 2d 674, 694 (1984). "In the absence of a record made in connection with a motion for new trial, all of the actions of counsel complained of by defendant here are presumed to be taken pursuant to defense counsel's permissible trial strategy." *Harlan, supra,* p 779.

Affirmed.