# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SADIE DARLENE BELL,

Defendant-Appellant.

UNPUBLISHED
November 12, 2015

No. 322787
Oakland Circuit Court
LC No. 2013-247540-FC

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted in a jury trial of assault with intent to commit great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] She was sentenced to 20 months to 10 years' imprisonment for the assault conviction and two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant first argues that she was denied her right to effective assistance of counsel because she was prevented from testifying on her own behalf due to her trial counsel's failure to move to preclude the admission of prior bad acts evidence. We disagree.

Because defendant failed to raise this claim below in a motion for a new trial or a request for an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. "A defendant must meet a

---

[1] Defendant was charged with assault with intent to murder, MCL 750.83, but was convicted of the lesser included offense of assault with intent to commit great bodily harm less than murder.

-1-

heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant, as a criminal defendant, had a fundamental constitutional right to testify at trial. US Const, Am XIV; Const 1963, art 1, §§ 17, 20. "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla–Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "[I]f defendant . . . decides not to testify or acquiesces in his attorney's decision that he not testify, the right will be deemed waived." *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985) (citation and quotations omitted).

Defendant claims that she did not testify at trial because defense counsel advised her that the prosecution may seek to question her regarding prior bad acts. Defendant asserts that defense counsel was, therefore, ineffective for not filing a motion in limine to preclude the prosecutor from referencing defendant's prior bad acts. We disagree with defendant's claim for several reasons. First, there is no indication that the prosecution planned to introduce evidence of defendant's prior bad acts. Not only did the prosecutor state that she would not question defendant regarding the prior bad acts, which defendant acknowledges in an affidavit, but, more importantly, the prosecutor did not provide reasonable notice of an intention to admit the evidence at trial, required pursuant to MRE 404(b). Thus, based on the prosecution's failure to provide the required notice along with the prosecution's assurances not to seek to admit the evidence, we fail to see how the record supports defendant's claim that defense counsel should have filed a motion to preclude the evidence.

Second, defendant acknowledged to the trial court that she did not want to testify. In addition, during sentencing, defendant expressly stated that "there were a lot of reasons why [she] didn't testify," not, as she claims on appeal, one, i.e., fear based on her attorney's advice. Accordingly, defendant has waived this issue. *Simmons*, 140 Mich App at 685. Third, defendant has not overcome the presumption that defense counsel's advice that she not testify constituted trial strategy. The decision whether to call defendant as a witness is a matter of trial strategy. *Payne*, 285 Mich App at 190. Here, there are a myriad of imaginable reasons why counsel might have believed defendant should not take the stand. For example, counsel might have believed that defendant would have been an unbelievable witness or unable to handle cross-examination. Lastly, we are not convinced that the outcome of the proceedings would have been different had defendant testified. *Nix*, 301 Mich App at 207. Defendant gave a recorded interview to police that was played for the jury. Thus, defendant's self-defense claim was still presented to the jury despite the fact that she did not testify. Defendant has not provided any indication as to how her testimony would have differed from her recorded interview. Additionally, we note that unlike the recorded interview, her testimony at trial would have been subject to cross-examination, providing yet another possible trial strategy to support her counsel's purported advice not to testify. *Payne*, 285 Mich App at 190. Accordingly, defendant is not entitled to relief on this ground.

Defendant next argues that she was denied her right to a fair trial based on prosecutorial misconduct. We disagree.

To preserve a claim of prosecutorial misconduct, a defendant must contemporaneously object to the alleged misconduct and ask for a curative instruction. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Because defendant did not object to prosecutor misconduct at trial, this issue is not preserved. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). We review unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). Error requiring reversal will not be found when a curative instruction could have displaced any prejudicial effect of the prosecutor's improper argument. *People v Johnigan*, 265 Mich App 463, 467; 696 NW2d 724 (2005).

Defendant first claims that the prosecutor acted improperly when the prosecutor asked the testifying evidence technician how many times she had been called to a crime scene during her 11-year career. The technician testified "I actually get called -- because we do have to keep statistics every month, I average about 25 scenes a month, which is about 300 or so scenes a year." Defendant claims that this exchange constituted an improper civic duty argument and improperly referred to crime statistics in order to inflame the jury. After reviewing the record, we disagree with defendant's claim. This question and answer was part of a series of questions and answers regarding the technician's background and experience collecting evidence from crime scenes. There is absolutely nothing in the record to support defendant's arguments, and defendant mischaracterizes the exchange at issue. Accordingly, we conclude that no error occurred. Moreover, even if we assume that the conduct described above somehow constituted prosecutorial misconduct, the alleged errors could have been cured with a curative instruction and, thus, reversal is not required. *Id*.

Defendant also claims that the prosecutor improperly vouched for the credibility of an expert witness during closing argument. When discussing the medical examiner's testimony, the prosecutor stated: "And he said that in his experience based on the 18,000 autopsies done, the thousand times he's testified in court, that this stippling pattern around that bullet wound is consistent with muzzle to skin nine to eleven inches." According to defendant, this statement constituted improper bolstering of the expert's credibility, prejudicing defendant. A prosecutor may "not vouch for the credibility of his witnesses by suggesting that he has some special knowledge of the witnesses' truthfulness." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

After reviewing the record, we disagree with defendant's assertion. The prosecutor simply restated one of the qualifications of the medical examiner who testified as an expert in forensic pathology. Based on the examiner's experience, the prosecutor argued, the examiner believed that the victim was shot from less than one foot away. This testimony substantially contradicted defendant's statement that she shot the victim from several feet away. Here, the prosecutor did nothing more than restate the examiner's qualifications. At most, this constituted a comment on the credibility of the witness, and certainly did not suggest that the prosecutor had any special knowledge of the witnesses' truthfulness. *Id*. Further, the trial court unequivocally instructed the jury that the attorneys' comments and questions were not evidence. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011).

Defendant next argues that there was insufficient evidence to support her convictions. Specifically, defendant asserts that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that defendant did not act in self-defense. We disagree. Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*.

With the enactment of the Self-Defense Act (SDA), MCL 780.971 *et seq*., the Michigan Legislature codified the circumstances in which a person not engaged in the commission of a crime may use deadly force in self-defense without having the duty to retreat. *People v Dupree*, 486 Mich 693, 708; 788 NW2d 399 (2010). Pursuant to MCL 780.972(1)(a), deadly force may be used when "[t]he individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." When a defendant introduces evidence of self-defense "from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist," the prosecution must prove beyond a reasonable doubt that the defendant did not act in self-defense. *Dupree*, 486 Mich at 709-710.

We conclude that the prosecution presented sufficient evidence to disprove defendant's claim of self-defense. In making her argument, defendant fails to acknowledge the evidence presented by the prosecution, focusing only on her recorded statement. The evidence presented at trial, when viewed in a light most favorable to the prosecution, indicated that defendant shot the victim in the chest while he was unarmed and naked from less than one foot away. To the extent defendant's recorded statement contradicts this evidence, "[w]itness credibility and the weight accorded to evidence is a question for the jury, and any conflict must be resolved in the prosecution's favor." *People v McGhee*, 268 Mich App 600, 624; 709 NW2d 595 (2005).

Affirmed.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-4-