# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL EDWARD MADDOX,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 328220
St. Clair Circuit Court
LC No. 14-002835-FH

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

A jury convicted defendant of domestic violence, third offense, MCL 750.81(4), for which the trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 3 to 10 years' imprisonment. Defendant appeals as of right. Because defendant was not denied the effective assistance of counsel and his sentencing claims are now moot, we affirm.

Defendant was convicted of assaulting his former girlfriend, Kari Johnson, in her Port Huron apartment on April 12, 2014. Johnson testified at trial regarding the assault and her resulting injuries. The prosecutor also introduced evidence of prior acts of domestic violence perpetrated by defendant against Johnson as well as another former-girlfriend. In contrast, defendant's wife testified on defendant's behalf, asserting that, in the six years they had lived together, defendant had never exhibited violence towards her. The defense theory at trial was that Johnson's testimony was inconsistent and not credible. Specifically, the defense maintained that considering the circumstances of the offense, including defendant's imposing size and his training as a Bushido fighter, Johnson would have sustained much greater injuries had the incident happened as she claimed. The jury convicted defendant of domestic violence.

Defendant appealed as of right. Defendant also moved this Court to a remand for a *Ginther*[1] hearing and to remand for reconsideration of his sentence under *Lockridge*.[2] We

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

granted defendant's requests for a remand.[3]  On remand, the trial court rejected defendant's claims of ineffective assistance and denied defendant's request for resentencing.  Defendant's appeal as of right is now before us following the remand proceedings.

## I.  EFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant argues that the trial court erred in denying his motion for a new trial on the basis of several instances of ineffective assistance of counsel.  A claim alleging ineffective assistance of counsel presents a mixed question of law and fact.  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).  Questions of law are reviewed de novo, and a trial court's findings of fact are reviewed for clear error.  *Id.*  "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice."  *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted).  To show prejudice, "the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).  "There is a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy."  *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015).

## A.  FAILURE TO OBTAIN JOHNSON'S CRIMINAL RECORDS

Defendant first argues that trial counsel was ineffective for failing to obtain the police reports of Johnson's past violent acts, which could have potentially supported a theory of self-defense.  After an evidentiary hearing, at which defendant's wife and trial counsel both testified as witnesses, the trial court denied defendant's motion for a new trial.  We also reject defendant's claim.

Relevant to this issue, before trial defense counsel filed a motion to introduce evidence of Johnson's past violent acts under MRE 404(b).  In support of this motion, defense counsel offered evidence of Johnson's criminal convictions, which included convictions for domestic violence and other assaultive conduct.  However, defense counsel did not know the factual details underlying any of Johnson's convictions.  For this reason, the trial court denied the motion to introduce the evidence, specifying that the motion could be revisited if additional information about Johnson's convictions was obtained.  Such information was not obtained, and evidence of Johnson's past acts of violence was not introduced at trial.

Following trial, defendant's appellate counsel obtained several police reports relating to Johnson's criminal offenses, which included two incidents of domestic violence against then-boyfriends, domestic violence against her mother, assault and battery against a friend, and

---

[3] *People v Maddox*, unpublished order of the Court of Appeals, entered April 27, 2016 (Docket No. 328220); *People v Maddox*, unpublished order of the Court of Appeals, entered February 24, 2016 (Docket No. 328220).

resisting arrest. Defendant now argues that, as part of a reasonable investigation, defense counsel was responsible for obtaining these records and that trial counsel provided ineffective assistance by failing to do so. Based on testimony at the *Ginther* hearing, the trial court rejected this claim of ineffective assistance of counsel, concluding that defense counsel's "actions were reasonable under the circumstances of his attorney-client relationship" and that there was not a reasonable probability that defense counsel's conduct changed the outcome of the trial.

In particular, at the *Ginther* hearing, defendant's trial counsel explained that he did not request the records in question because defendant said that he would obtain the reports. Defense counsel's testimony in this regard was confirmed to some extent by defendant's wife, who opined that it was counsel's responsibility to request the records but nevertheless conceded that defendant "offered to help" obtain the police reports. More generally, defense counsel testified that defendant was out on bail pending trial and that defendant had taken an active role in the defense, including offering opinions and providing information to defense counsel. Indeed, defense counsel described defendant as "steering the ship" of their attorney-client relationship. As a factual matter, the trial court credited defense counsel's representations regarding defendant's role in preparing the defense and accepted the assertion that defendant offered to obtain the police records. Given the testimony presented at the evidentiary hearing, the trial court's findings regarding defendant's offer of assistance were not clearly erroneous.

In view of the trial court's factual determinations, we are not persuaded that defense counsel's performance fell below an objective level of reasonableness. Nothing in the record indicates that obtaining police reports requires specialized legal training and, according to defense counsel, after assuming responsibility for this task, defendant did not seek counsel's assistance.[4] On this record, we do not think it objectively unreasonable for counsel to avail himself of the resources available to him, including defendant's offer to obtain the police records, particularly when defendant had been so actively involved in the defense. Further, given that defendant volunteered for this task and agreed to this course of conduct, it would seem to be defendant's failure to follow-through, rather than defense counsel's failings, which led to the unavailability of this evidence at trial. See generally *People v Buie*, 298 Mich App 50, 64; 825 NW2d 361 (2012) (finding defense counsel was not ineffective where alleged failings by counsel resulted from the defendant's failure to cooperate).

In any event, even assuming that defense counsel should have procured the police records himself or more closely monitored defendant's progress and intervened when defendant failed to obtain the records in a timely manner, defendant would not be entitled to relief on appeal because he has not shown a reasonable probability of a different outcome. In this regard, the trial court concluded that defendant had not demonstrated the admissibility of evidence relating to Johnson's prior bad acts, and we agree. That is, as the proponent of this evidence, defendant would bear the burden of demonstrating its admissibility. *People v Martin*, 271 Mich App 280,

---

[4] It was not until the Saturday before trial, when defense counsel contacted defendant, that defense counsel learned that defendant had not obtained the police reports. Defendant blamed counsel for not obtaining the records and then hung up the phone on defense counsel.

316; 721 NW2d 815 (2006). Yet, in arguing for the admission of this evidence under MRE 404(b), defendant offers a mere laundry list of proper purposes without meaningful discussion of the legal relevance of the evidence.[5] See *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998) ("Mechanical recitation of 'knowledge, intent, absence of mistake, etc.,' without explaining how the evidence relates to the recited purposes, is insufficient to justify admission under MRE 404(b)."). Defendant also fails to conduct any analysis under MRE 403, which is a necessary step in the MRE 404(b) framework. See *People v VanderVliet*, 444 Mich 52, 74; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). In short, defendant's cursory MRE 404(b) analysis is insufficient to demonstrate the admissibility of the other acts evidence in question.

Moreover, although his argument is not well-developed, we note that it appears defendant believes the evidence in question is relevant to the presentation of a self-defense claim, i.e., to support the assertion that Johnson was the aggressor on April 12, 2014. But, beyond vaguely labelling Johnson as the "aggressor," defendant has not described her alleged conduct during the incident in question with any particularity. Defendant did not testify at trial, he did not testify at the *Ginther* hearing, and there has been no other evidence offered to support a claim of self-defense. To the contrary, as noted by defense counsel at the *Ginther* hearing, the physical evidence was inconsistent with the assertion that defendant acted in self-defense. Absent specific evidence of Johnson's purportedly aggressive conduct on April 12, 2014, we cannot find any similarity between her conduct on that date and her prior bad acts, and we fail to see the relevance of her past acts. See generally *People v Mardlin*, 487 Mich 609, 622; 790 NW2d 607 (2010). Instead, defendant essentially asks that we infer Johnson's aggression on April 12, 2014 based on her violent temperament as shown through her past misdeeds, but this type of propensity evidence is not admissible under MRE 404(b). See *VanderVliet*, 444 Mich at 63. Given that he has not demonstrated the admissibility of this evidence, defendant also has not shown that defense counsel's failure to procure evidence of Johnson's past acts affected the outcome of the proceedings. Thus, defendant's ineffective assistance claim is without merit.

## B. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional claims of effective assistance of counsel in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. These claims were also raised and addressed at the evidentiary hearing, and the trial court

---

[5] Aside from arguing for the admission of the evidence under MRE 404(b), defendant offers an equitable argument on appeal, claiming that the evidence about Johnson should be admissible because the prosecution introduced exactly the same type of other acts evidence against defendant. Defendant cites no authority for this proposition, and his argument lacks merit. The prosecutor properly relied on MCL 768.27b to introduce evidence of defendant's commission of other acts of domestic violence. Nothing in the statute provides for the introduction of such evidence against the victim. More generally, the fact that the prosecutor identified and utilized mechanisms for the introduction of other acts evidence does not somehow relieve defendant of his obligation, as the proponent of evidence, to abide by the rules of evidence and to identify a basis for the admission of evidence relating to Johnson.

denied defendant's motion for a new trial on these grounds. We also disagree with defendant's additional claims.

## 1. FAILURE TO OBJECT TO THE PROSECUTOR'S CLOSING ARGUMENT

Defendant argues that trial counsel was ineffective for failing to object to the prosecutor's closing argument in which the prosecutor discussed the evidence of defendant's previous acts of domestic violence. Specifically, defendant maintains that the prosecutor impermissibly argued that defendant's conduct involved a pattern of behavior indicative of a propensity to assault girlfriends and improperly urged the jury to weigh the evidence in considering witness credibility as well as the circumstances surrounding the instant offense. According to defendant, defense counsel was ineffective for failing to object to these arguments.

Defendant's previous acts of domestic violence against Johnson and another former-girlfriend were admitted under MCL 768.27b(1), which provides, in pertinent part, that "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant[.]" The plain language of MCL 768.27b states that trial courts have discretion to admit relevant evidence of other domestic assaults to prove *any* issue, which includes showing "a defendant's character or propensity to commit the same act," *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010), aiding the jury's assessment of witness credibility, *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011), and allowing the jury to "weigh defendant's behavior history and view the case's facts in the larger context that the defendant's background affords," *People v Schultz*, 278 Mich App 776, 779; 754 NW2d 925 (2008). In other words, allowing evidence of prior domestic violence provides a "complete picture" of the defendant's history, which tends to "shed light on the likelihood that a given crime was committed." *Cameron*, 291 Mich App at 610 (citation omitted).

Defendant has not challenged the admissibility of the other acts evidence under MCL 768.27b. And, because MCL 768.27b(1) allowed the admission of defendant's previous acts of domestic violence, and the evidence was relevant and admissible to help the jury determine if defendant committed the charged act, the prosecutor's closing argument, in which she used the evidence to give the jury a complete picture, was not improper. Defendant's argument is based on the mistaken premise that any propensity use of the evidence was impermissible. However, as noted, "MCL 768.27b permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act." *Railer*, 288 Mich App at 219-220. Therefore, even if the prosecutor's closing argument involved a propensity argument, the prosecutor's remarks were not improper. Accordingly, defendant cannot establish that trial counsel was ineffective for failing to object. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## 2. ADVISING DEFENDANT NOT TO TESTIFY

Defendant also argues that trial counsel was ineffective for advising him not to testify because his testimony was necessary to support a claim of self-defense.

A criminal defendant has a fundamental constitutional right to testify at trial. *People v Simmons*, 140 Mich App 681, 683; 364 NW2d 783 (1985). The decision to testify or not to testify is a strategic one "best left to an accused and his counsel." *People v Martin*, 150 Mich App 630, 640; 389 NW2d 713 (1986). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "If the accused expresses a wish to testify at trial, the trial court must grant the request, even over counsel's objections." *Simmons*, 140 Mich App at 685. "[I]f defendant . . . decides not to testify or acquiesces in his attorney's decision that he not testify, 'the right will be deemed waived.'" *Id.* (citation omitted). When a defense counsel advises a defendant not to testify, it is presumed that advice was a matter of trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991).

In this case, defendant has not demonstrated that trial counsel was ineffective for advising him against testifying. According to the evidence introduced at the *Ginther* hearing, defendant, defendant's wife, and trial counsel discussed whether defendant should testify. Trial counsel informed defendant of his right to testify and explained the risks of testifying to defendant, including the likelihood that defendant would be cross-examined by the prosecution about his prior acts of domestic violence. Trial counsel also had concerns about how the jury would judge defendant's credibility because defendant's version of the events was inconsistent with the physical evidence. Counsel was further concerned, based on his interactions with defendant, that the jury would perceive defendant as intimidating, menacing, or threatening. For these strategic reasons, during his discussions with defendant, counsel "weighed in" with his opinion that it would be against defendant's best interests to testify. In lieu of the risks involved with putting defendant on the stand to pursue a claim of self-defense, defense counsel explained at the *Ginther* hearing that he "had enough to argue" that if a man defendant's size, who is a mixed marital arts fighter, assaulted Johnson as she claimed, she would have suffered more significant and more serious injuries. On this record, defendant has not overcome the presumption that defense counsel's advice was a matter of sound trial strategy. See *id.*

Moreover, we note that defendant does not claim that he was ignorant of his right to testify, or that trial counsel coerced him into not testifying. See *Bonilla-Machado*, 489 Mich at 419-421; *Simmons*, 140 Mich App at 686. Instead, the record shows that, while offering his advice to defendant, defense counsel made clear to defendant that it was defendant's final decision whether to testify. Defendant's wife admitted that, although trial counsel advised defendant against testifying, he did not tell defendant that he could not testify. At the *Ginther* hearing, trial counsel stated that, had defendant wanted to testify, he would have put him on the stand; but, defendant made the decision not to testify. At trial, defendant expressly confirmed on the record that he understood that the ultimate decision whether to testify belonged to him and that he was choosing not to testify. Cf. *Bonilla-Machado*, 489 Mich at 419-421. Based on the foregoing, defendant cannot show that trial counsel was ineffective for advising him not to testify.

### 3. CUMULATIVE EFFECT OF COUNSEL'S ERRORS

We also reject defendant's argument that the cumulative effect of counsel's errors denied him a fair trial. Because defendant has not demonstrated any error in trial counsel's failure to call him as a witness or counsel's failure to object to the prosecutor's use of the evidence of

defendant's prior domestic violence, there can be no cumulative effect of multiple errors that denied defendant a fair trial. *People v Mayhew*, 236 Mich App 112, 128; 600 NW2d 370 (1999).

## II. SENTENCE

Lastly, in his initial brief on appeal, defendant argued that a remand was required because the trial court engaged in judicial fact-finding relating to several offense variables. See *Lockridge*, 498 Mich at 364, 392. After defendant filed his claim of appeal, we granted defendant's motion to remand to allow defendant to request reconsideration of his sentence under *Lockridge*. On remand, the trial court reconsidered defendant's sentence, following the procedure described in *Lockridge*, 498 Mich at 397-399. Acknowledging the now-advisory nature of the guidelines under *Lockridge*, the trial court determined that it would not have imposed a materially different sentence under the new sentencing regime and, for this reason, the trial court denied defendant's request for resentencing. Following the remand proceedings, defendant does not address the sentencing issue in his supplemental brief, apparently abandoning his sentencing claim. See *People v Kent*, 194 Mich App 206, 210; 486 NW2d 110 (1992). In any event, because the trial court has already reconsidered defendant's sentence in accordance with *Lockridge*, this issue is now moot and defendant is not entitled to additional relief. See *Bonilla-Machado*, 489 Mich at 416.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra