# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KEITH OLEN DENMAN,

      Defendant-Appellant.

UNPUBLISHED
September 12, 2017

No. 332210
Gratiot Circuit Court
LC No. 15-007309-FH

Before: Hoekstra, P.J., and Meter and K. F. Kelly, JJ.

PER CURIAM.

A jury convicted defendant of criminal sexual conduct, second degree (CSC-2), MCL 750.520c(1)(e) (weapon used); criminal sexual conduct, third degree (CSC-3), MCL 750.520d(1)(b) (force or coercion); and assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520(g)(1). The trial court sentenced defendant to concurrent prison terms of 4 to 15 years for the CSC-2 conviction, 5 to 15 years for the CSC-3 conviction, and 3 to 10 years for the assault conviction. Defendant appeals as of right. We affirm.

The convictions arose from defendant's sexual abuse of his teenaged stepdaughter.

Defendant claims that the trial court erred by not requiring an on-the-record waiver by defendant of his right to testify in his own defense. He also claims that his trial counsel provided ineffective assistance in that he made an objectively unreasonable decision to not have defendant testify and did not request an on-the-record waiver by defendant. Defendant preserved this ineffective assistance claim by filing a motion for a new trial, which was denied.

> A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011) (citations omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

" 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v Richter*, 562 US 86, 104; 131 S Ct 770; 178 L Ed 2d 624 (2011), quoting *Strickland*, 466 US 668 at 693-694.

The reviewing court must make every effort "to eliminate the distorting effects of hindsight," *Strickland*, 466 US at 689, including being mindful that no expectation should exist "that competent counsel will be a flawless strategist or tactician," *Harrington*, 562 US at 110. "[A]n attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Id*. A reviewing court should "affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Cullen v Pinholster*, 563 US 170, 196; 131 S Ct 1388; 179 L Ed 2d 557 (2011) (quotation marks and citation omitted).

Defendant claims that counsel was ineffective for making the allegedly objectively unreasonable decision to advise defendant not to testify. When a defense attorney advises a defendant not to testify, it is presumed that the advice was a matter of trial strategy. See *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991) ("Concerning trial counsel's advice to defendant not to testify on his own behalf, while this strategy is somewhat questionable in light of trial counsel's failure to present any defense, we must agree with the trial court that defendant has not overcome the presumption that the challenged action might be considered sound trial strategy."). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work," *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004), and in this case, defendant has not overcome the presumption that the advice against testifying constituted sound trial strategy. According to the evidence introduced at the motion for a new trial, defendant, defendant's wife, and trial counsel discussed whether defendant should testify. Trial counsel, according to defendant's wife, discussed the pros and cons of testifying. Trial counsel testified that through cross-examination of prosecution witnesses and through the questioning of his own witnesses, he believed that he had enough evidence to present a clear narrative during closing arguments. On this record, defendant has not overcome the presumption that defense counsel's advice was a matter of sound trial strategy.

Notably, defendant does not claim that he did not know he had a right to testify. Instead, the record shows that trial counsel prepared defendant to testify and defendant affirmed that he knew he had the right to testify. Trial counsel affirmed that the ultimate decision regarding testifying was defendant's, and explained that it was his intent to communicate that defendant's testimony was not "necessary," because trial counsel believed he "had all of the building blocks for closing argument[.]" While trial "counsel must advise a defendant of [the right to testify]," *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011), defendant concedes that he knew he had the right; the advice from counsel about whether to testify was a strategic decision for defense counsel, *Tommolino*, 187 Mich App at 17.

Defendant also seems to suggest that counsel was ineffective because he made the decision not to allow defendant to testify. The record presents conflicting accounts regarding whether defense counsel affirmatively stopped defendant from testifying, or whether he simply advised defendant. Defendant stated that defense counsel ignored his concerns that they had not adequately explained some issues and "prematurely" rested before defendant could further

discuss taking the stand. Defense counsel, however, reported that defendant affirmatively stated that he wanted to follow counsel's advice and did not "want to testify." Defense counsel also explained that defendant never informed him that he wished to testify. Clearly, the trial court credited defense counsel's version of events; the court stated: "[I]t's clear that the Defendant deferred to [defense counsel] in terms of [his advice not to testify] and on the basis of that determined that he would not testify at trial." We find no clear error with respect to this finding. See *People v Steanhouse*, 313 Mich App 1, 28; 880 NW2d 297 (2015), rev'd in part on other grounds___ Mich ___ (2017).

Defendant also claims that counsel was ineffective for failing to insist on obtaining an on-the-record waiver of defendant's right to testify. "Trial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). The trial court was not required to obtain an on-the-record waiver of defendant's right to testify, and thus, trial counsel was not ineffective for failing to insist on a waiver the trial court did not need to require. *People v Simmons*, 140 Mich App 681, 684; 364 NW2d 783 (1985); *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991). In *Simmons*, this Court expressly held that while defendants have a fundamental right to testify, the protection of that right does not require an on-the-record waiver. *Simmons*, 140 Mich App at 684. We note that *Simmons* was cited favorably in *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991), wherein the Court stated:

> [Defendant's] first contention is that she was denied a fair trial because she was denied the right to testify on her own behalf and there was no waiver of that right made on the record. We find no merit to this argument. In *People v Simmons*, 140 Mich App 681; 364 NW2d 783 (1985), this Court, aligning itself with the majority of jurisdictions, held that there is no requirement in Michigan that there be an on-the-record waiver of a defendant's right to testify.

We note that *Harris* is binding. MCR 7.215(J).[1]

Further, defendant has not established the prejudice requisite to an ineffective assistance claim, as defendant *admits*. This case was essentially a credibility contest. The jury clearly credited the complainant's testimony over that of defendant's witnesses. Notably, defendant would have had to explain, among other things, his response in telephone calls in which the complainant told him that she had gonorrhea. If the jury did not believe the victim's mother's explanations for this and other testimony by the victim, and she was more neutral than defendant, it is highly unlikely that the jury would have believed defendant over the victim. In light of this evidence, defendant cannot show that a different result would have been reasonably probable if trial counsel had approached the case differently.

---

[1] The panel in *People v Bell*, 209 Mich App 273, 277; 530 NW2d 167 (1995), reaffirmed the principle articulated in *Harris*, stating, "Defendant's argument that the trial court should have ascertained on the record whether he intelligently waived his right to testify is without merit. The court has no such duty. *People v Harris*, 190 Mich App 652, 661-662; 476 NW2d 767 (1991)."

Because defendant's constitutional claim is meritless, and his trial counsel provided effective assistance, his convictions are upheld.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly