*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ARTIS LEE HOLMES,

        Defendant-Appellant.

UNPUBLISHED
February 22, 2024

No. 362221
Jackson Circuit Court
LC No. 19-002923-FC

Before: GARRETT, P.J., and LETICA and MALDONADO, JJ.

GARRETT, P.J. (*concurring*).

This case highlights why it is advisable that a trial court obtain an on-the-record waiver of a defendant's right to testify. Because our binding precedent requires no such waiver, however, I concur with the majority's decision to affirm defendant's convictions and remand for the trial court to either articulate its reasoning for the upward-departure sentence or resentence defendant.

## I. RELEVANT FACTS AND ANALYSIS

The majority correctly describes the unusual circumstances of this case. After the prosecution rested its case, and outside the presence of the jury, defense counsel engaged in a voir dire of defendant about his decision to testify. Defendant stated that he wanted to testify, and the trial court confirmed this decision. The court then recessed for a few minutes before the defense called Brianna Sweet, its first and only witness. The defense rested, and there was no discussion or inquiry about defendant's earlier on-the-record statement that he intended to testify. The trial court sent the jury home for the day, and the parties briefly discussed the proposed jury instructions. The following exchange occurred:

> *The Court.* All right. Take a look at what I put together here and then if there's something that occurs to you overnight let me know first thing in the morning and we can make whatever adjustments that we need. Three oh one, duties of judge and juries, standard instruction; 3.02, presumption of innocence, burden

-1-

of proof and reasonable doubt; 303[1], *defendant not testifying. I think you have an option here [defense counsel]. I can give it or not, at your option.*

*Defense counsel.* Your Honor, we ask the court to give it, the instruction.

*The Court.* Thank you. [Emphasis added.]

As the record shows, defense counsel asked for the court to give the standard instruction to the jury about a defendant not testifying. This exchange occurred less than an hour after defendant expressed his intention to testify. These facts strongly suggest that defendant had since "decide[d] not to testify or acquiesce[d] in his attorney's decision that he not testify," which means that right to testify "will be deemed waived." *People v Spaulding*, 332 Mich App 638, 657; 957 NW2d 843 (2020) (cleaned up). It is simply implausible that the parties and the trial court would have ignored the fact that defendant had less than an hour earlier stated his intention to testify, unless the decision had since changed in an off-the-record conversation. Therefore, I agree with the majority that defendant has not shown that he was denied his right to testify.[2]

## II. ON-THE-RECORD WAIVER

This entire issue could have been avoided had the trial court taken a formal waiver from defendant that he no longer wished to testify. I recognize that this Court has repeatedly held that " 'there is no requirement in Michigan that there be an on-the-record waiver of a defendant's right to testify.' " *Spaulding*, 332 Mich App at 657, quoting *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991). This Court established the rule in *People v Simmons*, 140 Mich App 681, 684; 364 NW2d 783 (1985), but I question the reasoning this Court offered. First, this Court stated the obvious: "[s]uch a requirement would necessarily entail the trial court's advising defendant of his right to testify." *Id*. Then, this Court explained that "a formal waiver requirement might 'provoke substantial judicial participation that could frustrate a thoughtfully considered decision by the defendant and counsel who are designing trial strategy.' " *Id*., quoting *State v Albright*, 96 Wis 2d 122, 134; 291 NW2d 487 (1980). I am unpersuaded by the concern of "substantial judicial participation" in this context. Requiring an on-the-record waiver would entail the trial court ensuring that the defendant understands that he has the right to remain silent or to testify, and asking the defendant whether he has decided to testify or not. This type of formalized inquiry involves far less "judicial participation" than what occurs in the taking of a plea. For instance,

---

[1] It's clear that the trial court was referring to M Crim JI 3.3, which provides the model jury instruction for when a defendant does not testify.

[2] I question whether this issue was truly unpreserved given the initial colloquy between defense counsel and defendant. But even if defendant preserved the issue and established a violation of his right to testify, the constitutional error would be subject to harmless-error review. See *People v Solomon*, 220 Mich App 527, 535; 560 NW2d 651 (1996). Because "[d]efendant has not provided us with any offer of proof as to what his testimony might have been" had he testified at trial, *Spaulding*, 332 Mich App at 657, the prosecution can likely show that any error was harmless beyond a reasonable doubt.

before accepting a guilty plea, trial courts must ask or advise the defendant of no less than a dozen pieces of information so that the plea is understanding, voluntary, and accurate. MCR 6.302.

*Simmons* also relied on reasoning from a vacated judgment of the United States Court of Appeals for the Ninth Circuit:

> "The privilege of a criminal defendant to testify is the other side of the coin on which appears the privilege against self-incrimination. In the context of a criminal trial, the latter privilege is 'claimed' by the defendant's doing nothing: in fact it need not be 'claimed' at all. The defendant simply does not testify. If he does not elect to testify, he must be deemed to have waived his privilege to do so. It would make no sense and, in the light of *Griffin v California*, 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965), it would introduce possible error into the trial to require that the court or the prosecutor ask the defendant whether he wishes to testify. That is the reason why the defendant must claim his privilege to testify or be deemed to have waived it." [*Simmons*, 140 Mich App at 684-685, quoting *United States v Ives*, 504 F2d 935, 939-940 (CA 9, 1974), vacated 421 US 944 (1975).]

In *Griffin*, 380 US at 615, the United States Supreme Court held that the Fifth Amendment of the United States Constitution bars the prosecution from commenting on a defendant's silence at trial and prohibits the trial court from instructing the jury that such silence is evidence of guilt. Asking the defendant *outside the presence of the jury* whether he understands his rights and wishes to testify in no way implicates the holding in *Griffin*. Nor am I convinced that having a formal waiver requirement is likely to introduce error into the trial, at least no more so than the status quo. In fact, in cases such as this one, having an on-the-record waiver would *remove* the possibility of error that could be raised on appeal.

State and federal courts take varied approaches to whether the trial court must engage in an on-the-record colloquy with the defendant regarding the right to testify. Some courts impose no duty on trial courts; some require trial courts to always conduct a colloquy; and others take a middle-ground approach by requiring an on-the-record waiver in certain circumstances. See *Lynch v Commonwealth*, 642 SW3d 647, 656 nn 19-20 (Ky, 2022) (cataloguing different approaches taken by state and federal courts). For one recent example, the Connecticut Supreme Court held that while the state and federal constitutions "do[] not require that a defendant, himself, personally assert the waiver of his right to testify on the record," trial courts must engage in a colloquy with "the defendant or, in certain circumstances, inquire of defense counsel directly to determine whether counsel properly advised the defendant regarding the waiver of his right to testify." *State v Morel-Vargas*, 343 Conn 247, 250; 273 A3d 661 (2022).

Whether or not our Supreme Court chooses to reconsider this Court's caselaw on the topic, taking an on-the-record waiver generally serves the best interests of all parties. Doing so ensures the defendant is informed of his rights, creates a clearer record, and facilitates appellate review. With these thoughts in mind, I concur.

/s/ Kristina Robinson Garrett