Hathaway, J.
This case presents three issues for review. First, we review whether defendant was coerced by the trial court and defense trial counsel into forgoing his right to testify. Second, we review whether an offense that is statutorily designated as a “crime against public safety” may also be considered a “crime against a person” to establish a continuing pattern of criminal behavior for purposes of scoring offense variable (OV) 13, MCL 777.43. Finally, we review whether defendant is entitled to resentencing as a matter of law in light of the trial court’s erroneous statement that it was statutorily bound to enhance defendant’s maximum sentences.
We first conclude that neither the trial court nor defense trial counsel coerced defendant into forgoing his right to testify. Instead, the record shows that defense counsel advised defendant of the risks of testifying and that, ultimately, defendant himself made the decision not to testify. The trial court merely confirmed defendant’s decision. Accordingly, there was no error on this issue, and defendant is not entitled to a new trial.
Next, we hold that the Court of Appeals erroneously concluded that even though assault of a prison employee[1] is statutorily designated as a crime against public safety, MCL 777.16j, it can also be considered a *416 crime against a person for purposes of scoring OV 13 because a prison employee is a “person.” We hold that the six named offense category designations used in MCL 777.5 and 777.11 through 777.19 apply to the scoring of offense variables and, therefore, a felony designated as a “crime against public safety” may not be used to establish a “pattern of felonious criminal activity involving 3 or more crimes against a person,” MCL 777.43(1)(c), for purposes of scoring OV 13. Because this changes defendant’s sentencing guidelines range, we agree with defendant that this matter must be remanded for resentencing. See People v Francisco, 474 Mich 82, 88-89; 711 NW2d 44 (2006).
Finally, we hold that the trial court erred when it stated that it was bound by law to enhance defendant’s maximum sentences. Application of the enhanced maximum sentence is discretionary, not mandatory. People v Turski, 436 Mich 878 (1990). The Court of Appeals acknowledged the error and remanded to allow the tried court to clarify whether the trial court knew it had discretion to enhance the maximum sentences or to redetermine the maximum sentences after using its discretion. Because the trial court, on remand, has already resentenced defendant in accordance with the Court of Appeals’ remand order, this issue is now moot.
Accordingly, we reverse the judgment of the Court of Appeals in part and remand this matter to the trial court for resentencing. On remand, we instruct the trial court to assess zero points for OV 13. We affirm the judgment of the Court of Appeals in all other respects.
I. PACTS AND PROCEDURAL HISTORY
This case arises from events that occurred in November 2007 while defendant was incarcerated in the Bellamy Creek Correctional Facility in Ionia. Defendant *417 was serving prison terms for unarmed robbery and attempted carjacking. While in his cell, defendant assaulted two corrections officers by overflowing his toilet and then splashing the toilet water on the corrections officers as they made their respective rounds approximately 30 minutes apart.
Defendant was charged with two counts of assaulting a prison employee and was found guilty by a jury on both counts. Defendant did not testify at his trial. MCL 750.197c(1) sets the maximum sentence of imprisonment for assaulting a prison employee at five years, and MCL 769.10(1) (a) allows a trial court to enhance the maximum sentence imposed for a subsequent felony conviction by not more than IV2 times the statutory maximum. The trial court indicated that it was bound by statute to enhance the sentences and sentenced defendant as a second-offense habitual offender to concurrent terms of 30 to 90 months (2V2 to 7V2 years) of imprisonment for each conviction. Defendant objected to the enhanced maximum sentences.
Defendant also objected to the minimum sentence range, specifically the scoring of OV 13. OV 13 addresses patterns of felonious conduct within a five-year period, including the sentencing offense.[2] The trial court assessed 10 points for OV 13, which are the total points prescribed for an offense that “was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property .. . .”[3]
In his appeal of right, defendant argued that the trial court and defense counsel had coerced him into forgoing his right to testify, that the trial court had erroneously *418 scored OV 13, and that the trial court had erred by failing to exercise its discretion when setting his maximum sentences. In an unpublished opinion per curiam, the Court of Appeals affirmed defendant’s convictions but remanded for resentencing.[4] The Court of Appeals concluded that defendant made his decision not to testify after he had been properly reminded of the hazards of doing so.[5] Additionally, the Court of Appeals concluded that the trial court had erred by assessing 10 points for OV 13 and sua sponte directed the assessment of 25 points for this variable instead.[6] Finally, the Court of Appeals remanded the matter to the trial court to either clarify that it knew it had discretion in imposing the enhanced maximum sentences or to redetermine the maximum sentences after using its discretion.[7]
Defendant sought leave to appeal in this Court, and this Court heard oral argument on defendant’s application.[8]
*419 II. STANDARD OF REVIEW
This Court reviews unpreserved claims of constitutional error under the plain-error standard.[9] The interpretation and application of the legislative sentencing guidelines, MCL 777.1 et seq., involve legal questions that this Court reviews de novo.[10]
III. ANALYSIS
A. DEFENDANT’S RIGHT TO TESTIFY
Defendant first argues that his right to testify was violated because he was coerced by the trial court and defense trial counsel into giving up his stated desire to testify. We disagree. A defendant’s right to testify in his own defense arises from the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.[11] Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant.[12]
At his jury trial, the following exchange took place regarding defendant’s decision whether to testify:
The Court: [D]oes your client want to testify?
[Defense Counsel]: That’s what I’m trying to find out right now, your Honor.
The Court: ... He should have made his decision before now.
[Defense Counsel]: He’s going to testify, your Honor.
*420 The Court: Would you like to explain his rights to him on the record?
[Defense Counsel]: Yes, I would, your Honor. John, it’s going to be your choice to take the stand here today?
The Defendant: Yes.
[Defense Counsel]: You understand if you take the stand today anything you say on the stand can be used against you? ... Do you understand? You have a right not to take the stand. So are you going to take the stand or not take the stand?
The Defendant: No.
[Defense Counsel]: Your Honor, he’s indicated to me he’s not going to take the stand. Is that right Johnny? You’re not going to take the stand?
The Defendant: No.
[Defense Counsel]: But I’ve explained to you, if you take the stand, anything you say can be held against you. Do you understand that?
The Defendant: Yes.
[Defense Counsel]: So it’s your choice not to take the stand here today?
The Defendant: I’m not going to go up there.
The Court: Mr. Machado, do you want to testify today?
The Defendant: No.
Thus, the record reflects that defendant had previously decided that he might want to testify. Counsel advised him on the record that it was his decision to do so, but also warned him of the risks involved. Specifically, counsel advised defendant that anything he might say on the stand could be used against him. Defendant argues that this advice was inappropriate because not everything could be used against him. Defendant claims that if he had testified that he was innocent of the charges, the prosecutor could not possibly have used that against him. Again, *421 we disagree. Anything defendant might have said on the stand would have been subject to cross-examination designed for use against him.
Both defense counsel and the trial court sought clarification from defendant regarding whether he wished to testify. Defendant expressly acknowledged on the record that he understood it was his choice whether to testify and that he understood that anything he testified to could be used against him. Defendant explicitly and repeatedly stated his decision not to testify. The record does not reveal any coercive actions by counsel or the trial court. Instead, the record illustrates that defendant made a rational choice not to testify after he was warned of the risks involved. In fight of the facts on the record, we conclude that defendant was not denied his right to testify and there is no error requiring reversal. We affirm the judgment of the Court of Appeals on this issue.
B. OFFENSE VARIABLE 13: CONTINUING PATTERN OF CRIMINAL BEHAVIOR
Next, defendant argues that the Court of Appeals erroneously ordered that the score for OV 13 be increased from 10 points to 25 points. We agree with defendant and conclude that both the trial court and the Court of Appeals scored OV 13 incorrectly because zero points should have been assessed.
In deciding this issue, we must interpret the relevant statutes within the sentencing guidelines chapter of the Code of Criminal Procedure.[13] When interpreting statutes, this Court must “determine and give effect to the Legislature’s intent.”[14] The words used in the statute are the most reliable indicator of the Legislature’s *422 intent and should be interpreted on the basis of their ordinary meaning and the context within which they are used in the statute.[15] In interpreting a statute, this Court avoids a construction that would render any part of the statute surplusage or nugatory.[16] Similarly, when determining how offense variables should be scored, this Court reads the sentencing guideline statutes as a whole.[17]
MCL 777.5, a provision within the sentencing guidelines, lists six statutory offense categories for felonies: (1) crimes against a person, (2) crimes against property, (3) crimes involving a controlled substance, (4) crimes against public order, (5) crimes against public trust, and (6) crimes against public safety. MCL 777.11 through 777.19 place each felony covered by the guidelines within one of these six offense categories. These offense categories are used to determine which of the OVs to score for each crime[18] and how those OVs should be scored.[19] While MCL 777.5 provides abbreviated designations for the offense categories, the fully named offense categories are used uniformly and consistently throughout the sentencing guidelines.
MCL 777.43, also contained within the sentencing guidelines, governs OV 13 and provides:
(1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
*423 (a) The offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age............50 points
(b) The offense was part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang......................25 points
(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person................................................................25 points
(d) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(i) to (iii) or section 7403(2)(a)(i) to (iii) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403.................................................................10 points
(e) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more violations of section 7401(2) (a) (i) to (Hi) or section 7403(2)(a)(i) to (iii) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403...............................10 points
(f) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against property ...........................................................................5 points
(g) No pattern of felonious criminal activity existed ..................................................................................0 points
(2) All of the following apply to scoring offense variable 13:
(a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction.
(b) The presence or absence of multiple offenders, the age of the offenders, or the degree of sophistication of the organized criminal group is not as important as the fact of the group’s existence, which may be reasonably inferred from the facts surrounding the sentencing offense.
*424 (c) Except for offenses related to membership in an organized criminal group or that are gang-related, do not score conduct scored in offense variable 11 or 12.
(d) Score 50 points only if the sentencing offense is first degree criminal sexual conduct.
(e) Do not count more than 1 controlled substance offense arising out of the criminal episode for which the person is being sentenced.
(f) Do not count more than 1 crime involving the same 1 [sic] controlled substance. For example, do not count conspiracy and a substantive offense involving the same amount of controlled substances or possession and delivery of the same amount of controlled substances. [Emphasis added.]
As specifically set forth in the language of MCL 777.43(2)(a), in order to assess points under OV 13 for a continuing pattern of criminal behavior, a trial court must count all relevant crimes within a five-year period, including the sentencing offense at issue. Moreover, according to the plain language of the statute, to assess 10 points for OV 13, a person must have committed three or more “crimes against a person or property” or violations of either MCL 333.7401(2)(a)(i) through (Hi) or MCL 333.7403(2)(a)(i) through (iii), which relate to crimes involving controlled substances. To assess 25 points when crimes related to gang activity are not counted, there must be three or more crimes against a person. The issue before us is whether the phrases “crimes against a person” and “crime against a person or property” used in MCL 777.43 are limited to those offenses designated as such by the Legislature in MCL 777.11 through 777.19.
In this case, defendant’s relevant criminal history includes two crimes that are statutorily designated as “crimes against a person” and one crime that is statutorily designated as a “crime against public safety” *425 under MCL 777.11 through 777.19.[20] No claim has been made that these crimes were gang-related. The trial court assessed 10 points for OV 13. On appeal in the Court of Appeals, defendant argued that zero points should have been assessed for OV 13 because his current crimes, two counts of assault of a prison employee, are designated by statute as “crimes against public safety,” not “crimes against a person or property,” and he therefore had not committed “3 or more crimes against a person or property,” as required to score OV 13 at 10 points.[21] The Court of Appeals rejected defendant’s argument and instead concluded that the score for OV 13 should be increased from 10 points to 25 points. The Court of Appeals explained that “[a]lthough MCL 777.16j indicates that assault of a prison guard is a crime against public safety, this offense is also a crime against a person because, obviously, a prison guard is a person.”[22] The Court of Appeals reasoned that the explicit statutory offense category designations in MCL 777.11 through 777.19 do not limit a sentencing court’s interpretation of the named offense category when scoring offense variables. We disagree with this reasoning because it does not comply with the express language of the sentencing guidelines. We instead hold that the six named offense categories in MCL 777.5 are statutorily defined phrases *426 that encompass only those specific crimes designated as such by the Legislature in MCL 777.11 through 777.19.
MCL 777.21 explicitly sets forth instructions for scoring the sentencing guidelines and provides, in relevant part:
(1) Except as otherwise provided in this section, for an offense enumerated in [MCL 777.11 through 777.19], determine the recommended minimum sentence range as follows:
(a) Find the offense category for the offense from, [MCL 777.11 through 777.19]. From [MCL 777.22], determine the offense variables to be scored for that offense category and score only those offense variables for the offender as provided in [MCL 777.31 through 777.49a]. Total those points to determine the offender’s offense variable level. [Emphasis added.]
MCL 777.21(l)(a) explicitly instructs a court to first “[f]ind the offense category for the offense from” MCL 777.11 through 777.19 and then “determine the offense variables to be scored for that offense category . . . ,”[23] MCL 777.11 through 777.19 include an extensive list that designates which of the six offense categories each felony covered by the guidelines falls under. Thus, the plain language of MCL 777.21 mandates that the statutorily named offense categories and the distinct designation system for felonies are the starting points for proper application of the sentencing guidelines. The use of the named offense categories throughout the sentencing guidelines chapter indicates legislative intent to have the offense categories applied in a uniform manner, including when they are applied in the offense variable statutes.
The Court of Appeals’ opinion would permit courts to ignore the explicit statutory offense categories and *427 designate an offense as a “crime against a person” sua sponte whenever a “person” is involved in a crime. We cannot agree with that interpretation. The Court of Appeals’ conclusion is inconsistent with the well-accepted rules of statutory construction because it is unsupported by the clear and unambiguous language of MCL 777.21.
The Legislature’s directive is clear. MCL 777.43 specifically provides that zero to 50 points be assessed for OV 13 in accordance with a defendant’s criminal history, dependent upon a sufficient number of crimes falling within specifically listed offenses and offense categories. In this case, the combination of designated crimes needed to assess 5 to 50 points for OV 13 is not present, and the only allowable score under the categories designated in the statute is zero points. Moreover, nothing in the language of MCL 777.43 allows courts to consider crimes falling within other designated offense categories to establish a continuing pattern of criminal behavior.
It is also important to recognize that while the Legislature directed that OV 13 be scored for each offense category,[24] it also explicitly mandated that zero points be assessed for OV 13 when a continuing pattern of criminal behavior is not shown.[25] Thus, in MCL 777.43(1)(g), the Legislature unambiguously directed how to score OV 13 when a defendant did not engage in the requisite pattern of criminal behavior. Clearly, the score for an offense variable can — and sometimes, as here, will — be zero points. This does not mean that the variable was not scored.[26]
*428 Moreover, the Legislature is free to group together, or to separate, crimes under categorical headings in order to accomplish its desired intent. The Legislature uses categories to ensure that crimes it wishes to treat in a particular manner are, in fact, treated in that manner. If the Legislature had intended to allow courts to consider crimes within all the offense categories when scoring OV 13, it could have expressly included additional offense categories or simply stated that all crimes could be considered to establish a continuing pattern of criminal behavior.[27] For example, MCL 777.42, which governs OV 12 and addresses contemporaneous felonious criminal acts, requires the assessment of 25 points for “[t]hree or more contemporaneous felonious criminal acts involving crimes against a person,” but 10 points for “[t]hree or more contemporaneous felonious criminal acts involving other crimes[.]”[28] The plain language of MCL 777.42 indicates the Legislature’s express intent to allow sentencing courts to consider crimes within all the offense categories when scoring *429 OV 12. MCL 777.43 does not include any similar language for purposes of scoring OV 13. Instead, its plain language is limited to specific statutory violations and specific offense categories. Therefore, both the trial court and the Court of Appeals erred in scoring OV 13, and on remand OV 13 must be scored at zero points.
C. ENHANCED MAXIMUM SENTENCE
Finally, defendant argues that the trial court failed to exercise discretion in setting the maximum sentences for a second-offense habitual offender. We agree. The statutory maximum sentence of imprisonment for assault of a prison employee is five years.[29] However, a court is given discretion to enhance the maximum sentence for subsequent felony convictions.[30] MCL 769.10(1) governs punishment for subsequent felonies, and subdivision (a) employs the term “may” when referring to the imposition of an enhanced sentence. In Turski, this Court clarified that imposing an enhanced maximum sentence is discretionary, not mandatory. In its order in Turski remanding the case for resentencing, this Court stated:
A trial court, when sentencing a defendant as an habitual offender, must exercise its discretion in setting the maximum sentence, that is, it is not required by law to increase the maximum sentence. The sentencing court, in the instant case, indicated that it was required “as a matter of law” to enhance the defendant’s maximum sentences.[31]
In this case, the trial court imposed the enhanced maximum sentences and stated: “That’s the sentence. *430 That’s what the statute says it has to be.” As in Turski, the trial court erroneously asserted that it was bound by law to enhance the maximum sentences. Accordingly, the Court of Appeals remanded the case to allow the trial court to either clarify that it understood it had discretion in imposing the enhanced sentences or to redetermine the maximum sentences after properly exercising its discretion. We note that during the pendency of defendant’s appeal in this Court, the trial court resentenced him. Because the trial court has already resentenced defendant and indicated at resentencing that, in its discretion, defendant’s maximum sentences should be enhanced, we conclude that this issue need not be addressed by the trial court on remand.
IV. CONCLUSION
Neither the trial court nor defense trial counsel coerced defendant into forgoing his right to testify. Instead, the record shows that defense counsel advised defendant of the risks of testifying and that, ultimately, defendant himself made the decision not to testify. Accordingly, there was no error on this issue, and defendant is not entitled to a new trial.
However, we agree with defendant that this matter must be remanded for resentencing. Both the trial court and the Court of Appeals incorrectly scored OV 13. The Court of Appeals erroneously concluded that even though assault of a prison employee is statutorily designated as a “crime against public safety,” MCL 777.16j, it can also be considered a “crime against a person” for purposes of scoring OV 13 because a prison employee is a “person.” We hold that the six named offense categories in MCL 777.5 and 777.11 through 777.19 apply to the scoring of offense variables and, therefore, a felony statutorily designated as a “crime *431 against public safety” may not be used to establish a pattern of felonious criminal activity involving three or more crimes against a person for purposes of scoring OV 13.
In addition, the trial court erred by stating that it could not exercise discretion in enhancing defendant’s maximum sentences. But because defendant has already been resentenced, and the trial court indicated at resentencing that, in its discretion, defendant’s maximum sentences should be enhanced, we conclude that it is unnecessary for the trial court to address this issue on remand.
For these reasons, we reverse the judgment of the Court of Appeals in part and remand this matter to the trial court for resentencing. On remand, we instruct the trial court to assess zero points for OV 13. We affirm the judgment of the Court of Appeals in all other respects.
Cavanagh, Marilyn Kelly, Markman, and Mary Beth KELLY, JJ., concurred with HATHAWAY, J.

 MCL 750.197c.

 MCL 777.43(2)(a).

 MCL 777.43(1)(d).

 People v Bonilla-Machado, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2009 (Docket No. 287605).

 Id. at 2-3.

 Id. at 4.

 Id. at 3. In the Court of Appeals, defendant also challenged the scoring of OV 9, which addresses the number of victims involved in an offense. The trial court had assessed 10 points for OV 9, which are the total points prescribed for an offense involving “2 to 9 victims who were placed in danger of physical injury . ...” MCL 777.39(1)(c). Citing People v McGraw, 484 Mich 120; 771 NW2d 655 (2009), the Court of Appeals concluded that the trial court had erred by aggregating the victims from the two separate assault incidents for purposes of scoring OV 9. Bonilla-Machado, unpub op at 3-4.
Defendant additionally argued that his counsel was ineffective for failing to properly advise him regarding his right to testify at trial and for failing to challenge the scoring of OV 9 and OV 13. The Court of Appeals concluded that counsel had not been ineffective with regard to advising defendant of his right to testify and found it unnecessary to consider counsel’s effectiveness with regard to the OVs because it remanded for resentencing. Id. at 5. We do not disturb the Court of Appeals’ holdings on these issues.

 People v Bonilla-Machado, 486 Mich 907 (2010).

 People v Carines, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

 People v Morson, 471 Mich 248, 255; 685 NW2d 203 (2004).

 Rock v Arkansas, 483 US 44, 51-52; 107 S Ct 2704; 97 L Ed 2d 37 (1987).

 Jones v Barnes, 463 US 745, 751; 103 S Ct 3308; 77 L Ed 2d 987 (1983).

 MCL 777.1 et seq.

 People v Lowe, 484 Mich 718, 721; 773 NW2d 1 (2009), citing People v Koonce, 466 Mich 515, 518; 648 NW2d 153 (2002).

 People v Morey, 461 Mich 325, 330; 603 NW2d 250 (1999).

 McGraw, 484 Mich at 126, citing Baker v Gen Motors Corp, 409 Mich 639, 665; 297 NW2d 387 (1980).

 McGraw, 484 Mich at 124-125.

 MCL 777.22.

 See, e.g., MCL 777.42 (scoring of OV 12 for contemporaneous felonious criminal acts) and MCL 777.43 (scoring of OV 13 for a continuing pattern of criminal behavior).

 Defendant has prior convictions for attempted carjacking and unarmed robbery, which are both statutorily categorized as crimes against a person. MCL 777.16y. Defendant also has a prior unrelated conviction for assaulting a prison employee, which is statutorily categorized as a crime against public safety. MCL 777.16j. As the statute governing OV 13 indicates, the sentencing offenses must be considered as well. Both of the sentencing offenses at issue are assault of a prison employee, which is, again, categorized as a crime against public safety.

 MCL 777.43(1)(d).

 Bonilla-Machado, unpub op at 4.

 Emphasis added.

 MCL 777.22.

 MCL 777.43(1)(g).

 We find no merit in the argument that the sole purpose of the offense categories is to determine which of the 20 offense variables are to be *428 scored. As we previously indicated, the offense categories are used to determine not only which offense variables to score but also how those variables are to be scored. While MCL 777.5 provides abbreviated designations for the offense categories, the language of the defining terms themselves — “crimes against a person” and “crimes against property,” for example — are employed outside this provision. Our reading of the relevant statutory provisions gives effect to the straightforward language contained in those provisions and appropriately allows the variables that are required to be considered to be scored properly. Our reading also recognizes that the score for OVs will at times be zero points in accordance with the statutory language.

 We are not persuaded that the language in MCL 777.43(2)(f) prohibiting counting a drug conspiracy offense along with a substantive drug offense when scoring OV 13 affects our analysis. MCL 777.43(2)(f) indicates nothing more than the Legislature’s intent to clarify that a conspiracy involving controlled substances shall not be counted when scoring OV 13.

 MCL 777.42(1)(a) and (c) (emphasis added).

 MCL 750.197c(1).

 MCL 769.10(1)(a).

 Turski, 436 Mich at 878; see also People v Green, 205 Mich App 342, 346-347; 517 NW2d 782 (1994).