# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2012

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

143411

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JERMAINE LEE PEARSON,
        Defendant-Appellant.
_____/

SC:  143411
COA:  296252
Kent CC:  09-001904-FC

On order of the Court, the application for leave to appeal the May 24, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the portion of the judgment of the Court of Appeals affirming the trial court's scoring of Offense Variable (OV) 13 and we REMAND this case to the Kent Circuit Court for resentencing.  On remand, we instruct the trial court to assess zero points for OV 13.  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

The trial court scored 25 points under OV 13.  Pursuant to MCL 777.43(1)(c), 25 points should be scored under OV 13 when "the offense was part of a pattern of felonious criminal activity involving 3 or more *crimes against a person*" (emphasis added).  The three offenses upon which the trial court relied in assessing 25 points for OV 13 included defendant's convictions of armed robbery, unlawful imprisonment, and conspiracy to commit armed robbery.  Both armed robbery and unlawful imprisonment are legislatively classified as "crime[s] against a person."  MCL 777.16y; MCL 777.16q.  However, conspiracy is classified as a "crime against public safety."  MCL 777.18.  In *People v Bonilla-Machado*, 489 Mich 412 (2011), this Court recently held that for purposes of scoring OV 13, a "crime against public safety" may not be transformed into a "crime against a person," in order to establish a continuing pattern of criminal behavior under OV 13.  That rationale applies here.  Therefore, the trial court erred in scoring OV 13 because there were not "3 or more *crimes against a person*."

In upholding the trial court's assessment of 25 points under OV 13, the Court of Appeals interpreted MCL 777.21(4) to allow the reclassification of defendant's

conspiracy conviction as a "crime against a person" for purposes of scoring OV 13 based on the nature of the underlying offense of which defendant was convicted. That is, because the offense underlying defendant's conspiracy conviction was armed robbery, which is designated as a "crime against a person," defendant's conspiracy conviction likewise constituted a "crime against a person," sufficient to satisfy OV 13. However, when an offender is being sentenced for a violation of MCL 777.18, MCL 777.21(4) merely directs a court to "determine the offense variable level by scoring the offense variables for the underlying offense." It does not allow the offense category underlying the conspiracy to dictate the offense category of the conspiracy itself for purposes of scoring OV 13.

Because the Court of Appeals decision contravenes this Court's decision in *Bonilla-Machado* and the deduction of the 25 points erroneously scored under OV 13 affects defendant's guidelines range, defendant is entitled to resentencing. *People v Francisco*, 474 Mich 82 (2006).

YOUNG, C.J., would deny leave to appeal for the reasons set forth in his dissenting opinion in *People v Bonilla-Machado*, 489 Mich 412, 441-450 (2011).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2012

_____
Clerk

h0110