# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2014

Robert P. Young, Jr.,
Chief Justice

148956

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

SC: 148956
COA: 318736
Saginaw CC: 13-038230-FH

TWANYAE DAQUAVION GOODMAN,
       Defendant-Appellant.

_____/

       On order of the Court, the application for leave to appeal the January 22, 2014 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Saginaw Circuit Court and we REMAND this case to the trial court for resentencing. The trial court erred in scoring Offense Variable (OV) 13 at 10 points for three or more crimes against a person or property to the extent that it relied on the defendant's conspiracy conviction to score the variable. Conspiracy does not constitute a crime against a person or property. See *People v Pearson*, 490 Mich 984, 984-985 (2011); *People v Bonilla-Machado*, 489 Mich 412 (2011). We further clarify that the Court of Appeals opinion in *People v Jackson*, 291 Mich App 644, 649 (2011), has been abrogated in part by *Pearson* and *Bonilla-Machado* to the extent that it held that a conspiracy conviction may be counted as a crime against a person if "the underlying nature of the conspiracy involved a crime against a person." On remand, the trial court may score OV 13 at 10 points should there be three or more offenses that meet the requirements for such a score. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

       YOUNG, C.J. (*concurring*).

       Given the current state of the law, I concur in the result. I write separately, however, to reiterate my disagreement with this Court's construction of the sentencing guidelines in *People v Bonilla-Machado*, 489 Mich 412 (2011), and *People v Pearson*, 490 Mich 984 (2012).

In those cases, I dissented from the portions of both decisions holding that the scoring of the relevant provisions of Offense Variable (OV) 13, MCL 777.43, is limited to only offenses categorized as offenses "against a person" or "against property." *Bonilla-Machado*, 489 Mich at 442 (YOUNG, C.J., dissenting). Properly construed, the relevant provisions of OV 13 should be scored for charged crimes "involving" criminal activity against a person or property, regardless of the offense *category*. *Id.* at 449-450. Because *Bonilla-Machado* and *Pearson* are settled law, however, and because the trial court misapplied that law in this case, I concur in this Court's order remanding this case to the trial court.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2014

Clerk

t1021