*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN BRUCE CARROLL,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2019

No. 342014
Livingston Circuit Court
LC No. 17-024098-FH

Before: METER, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right two jury trial convictions of fourth-degree criminal sexual conduct (CSC-IV) (sexual contact with a person 13, 14, or 15 years old), MCL 750.520e(1)(a). The trial court sentenced defendant as a second habitual offender, MCL 769.10, to concurrent terms of 12 months in jail and 60 months' probation for each CSC-IV conviction. After filing a claim of appeal, defendant filed a motion for a new trial or a *Ginther*[1] hearing in the trial court. Defendant asserted that trial counsel was ineffective for arguing that defendant's statements to the police, described by two officers during their testimony, were a "false confession" when, on the advice of counsel, defendant did not testify, thereby failing to supply necessary evidence to support the false confession theory. The trial court denied this motion. Defendant challenges this order on appeal. We affirm.

## I. BACKGROUND

Defendant was charged with three counts of CSC-IV for engaging in sexual contact with a child who was 13 to 16 years old, and at least five years younger than defendant. The complainant, KW, testified that defendant touched her breasts once, her upper thigh once, and her buttocks two or three times when she was 13 and 14 years old. Two police officers testified about statements that defendant made during interviews, which defendant voluntarily attended.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

He told the police officers that he touched KW's buttocks about half a dozen times when they played "grab a\*\*," and he joked with KW about a game called "tune in Tokyo" that he played with females' breasts. In closing, the prosecution argued that, even if the jury did not believe KW, the police officers' testimony about the statements that defendant made supported all three charges of sexual contact. The defense responded that defendant's statements to the police officers were a false confession because defendant's statements about touching KW's breasts did not match KW's testimony about defendant touching her breasts. The defense further argued that defendant touched KW's buttocks in a nonsexual way. The defense attacked the police officers' testimony regarding defendant's exact statements as unreliable, particularly as it related to whether defendant was flirting with KW, and whether defendant would have had sex with KW. The jury found defendant not guilty of one count of CSC-IV related to touching KW's breasts, and guilty of two counts of CSC-IV related to touching KW's buttocks.

After defendant filed a claim of appeal, he filed a motion for a new trial in the trial court, accompanied by an affidavit, alleging that trial counsel was ineffective for arguing that defendant's statements to the police were a false confession without evidence from defendant about what he actually said. Defendant contended that trial counsel was ineffective for advising defendant against testifying. The trial court denied defendant's motion because trial counsel's advice that defendant should not testify was sound because defendant may have had credibility issues, and defendant's criminal history could have subjected him to impeachment on cross-examination. Defendant subsequently filed a motion to remand in this Court, accompanied by a second affidavit, and that motion was denied.[2]

## II. DISCUSSION

Defendant argues that the trial court erred by denying his motion for a new trial and request for an evidentiary hearing regarding his ineffective assistance of counsel claim. We disagree.

This Court reviews "a trial court's decision whether to hold an evidentiary hearing . . . for an abuse of discretion. . . . An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). An ineffective assistance of counsel claim presents a mixed question of fact and constitutional law. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). This Court reviews the trial court's factual findings for clear error, and constitutional questions de novo. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). When the trial court denies a motion for a new trial, and the record does not contain testimony from trial counsel, this Court's review is limited "to what is contained in the record." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

---

[2] *People v Carroll*, unpublished order of the Court of Appeals, entered August 28, 2018 (Docket No. 342014).

To obtain an evidentiary hearing regarding an ineffective assistance of counsel claim, the defendant must identify a sufficient factual basis warranting further development of the record. *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007). A defendant asserting that counsel was ineffective "must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and (3) the resultant proceedings were fundamentally unfair or unreliable." *People v Aspy*, 292 Mich App 36, 45-46; 808 NW2d 569 (2011). A defendant claiming ineffective assistance of counsel "must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Petri*, 279 Mich App at 411. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *Rockey*, 237 Mich App at 76. "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (opinion by COOPER, J.). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *Matuszak*, 263 Mich App at 61. This Court "will not second-guess counsel's trial strategy or assess his competence with the benefit of hindsight." *People v Schrauben*, 314 Mich App 181, 191; 886 NW2d 173 (2016).

The parties first dispute whether defendant's on-the-record waiver of his right to testify extinguishes his claim on appeal that trial counsel was ineffective for advising defendant not to testify. "Waiver is the intentional relinquishment or abandonment of a known right." *People v McGraw*, 484 Mich 120, 138; 771 NW2d 655 (2009). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *People v Carter*, 462 Mich 206, 217; 612 NW2d 144 (2000) (quotation marks and citation omitted). "Although counsel must advise a defendant of th[e] right [to testify], the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). Defendant's waiver of the right to testify does not extinguish his claim that trial counsel gave him bad advice because the two issues are distinct. However, because we will not second-guess trial counsel's strategic decisions, defendant bears a heavy burden to show that trial counsel was ineffective for advising defendant not to testify as that testimony pertained to trial counsel's false confession argument. Defendant has not met that burden.

Defendant argues that trial counsel was ineffective for arguing a false confession theory of defense without testimony from defendant to support that theory, and for failing to discuss with defendant the false confession defense or the necessity of defendant's testimony for the success of that theory.[3] Defendant's challenge fails because defendant has not shown that there

---

[3] Defendant's second affidavit attached to his motion to remand filed in this Court is not properly a part of the record on appeal. MCR 7.210(A)(1); *People v Seals*, 285 Mich App 1, 19-21; 776 NW2d 314 (2009). Nonetheless, it does not add to the substance of defendant's argument in his motion for a new trial that trial counsel was ineffective for arguing a false confession defense in

is a reasonable probability that his proposed solution—testifying to the necessary factual building blocks for a proper presentation of that theory—would alter the outcome. A false confession is "one that does not coincide with the established facts." *People v Cress*, 468 Mich 678, 692; 664 NW2d 174 (2003). In this case, the only evidence was KW's testimony and two police officers' testimony about what defendant said at interviews. Defendant's argument that his testimony was necessary for trial counsel to argue that his confession to the police was false is unavailing because defendant's testimony would merely have added another statement for the jury to evaluate in a case that depended purely on credibility. Defendant is correct that witness credibility is a matter for the jury to decide. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011). Defendant's claim presumes that a jury would likely credit defendant's testimony that his touching of KW's buttocks was nonsexual. Even if the jury would have credited defendant's statements that the police officer's questions about flirting and whether he would have had sex with KW were purely hypothetical, and that the police officers misconstrued defendant's answers, the jury would have to believe that a 53-year-old man played "grab a**" with a teenage girl 40 years younger in a nonsexual way. Defendant has not established that this result was reasonably probable.

Additionally, trial counsel successfully argued the false confession theory as it related to the touching of KW's breasts when KW's testimony about the touching did not match the statements that defendant made to the police officers who testified. In addition, defense counsel attempted to discredit as unreliable the police officer's testimony that defendant stated that he was flirting with KW, and that he probably would have had sex with her. We fail to see how defendant's current explanations for why the jury should not have credited that police officer's testimony would have been successful when trial counsel's attempt to discredit the officer's testimony as unreliable was not successful. Accordingly, defendant has not shown that trial counsel's strategy was unreasonable.

Further, defendant's assertion in his first affidavit that he played "grab a**" with KW in a nonsexual way merely repeats the statement that he made to police officers to which those officers testified. Trial counsel is not ineffective for failing to call a defendant to testify about a defense when evidence supporting that theory is introduced through other means. *Dixon*, 263 Mich App at 398. Accordingly, evidence that defendant played "grab a**" with KW as a nonsexual game was before the jury, defense counsel argued it, and defendant was not deprived of that defense.

Defendant criticizes the trial court for theorizing why it makes sense for a defendant not to testify without considering the facts of this case. The trial court cited credibility and defendant's criminal history as possible reasons why trial counsel's advice that defendant not testify was sound. In *Bonilla-Machado*, 489 Mich at 420-421, our Supreme Court rejected the defendant's argument that counsel was ineffective for advising him not to testify because his

---

the absence of defendant's testimony. Because defendant has not established that counsel was ineffective for advising defendant not to testify, defendant's claim that counsel was ineffective for failing to advise defendant that counsel intended to argue a false confession theory also fails.

testimony that he was innocent could not have been used against him. The Court reasoned that "[a]nything defendant might have said on the stand would have been subject to cross-examination designed for use against him." *Id*. at 421. According to defendant's first affidavit, he would have testified that he played "grab a**" with KW in a nonsexual way, and that the police officers deliberately misconstrued his statements that showed otherwise. Because credibility was the sole issue in this case, the trial court's reasoning that trial counsel's advice deterring defendant from testifying was sound because of potential "credibility issues" was not speculative or an abuse of discretion.

Defendant maintains that the prosecution could not have introduced evidence of defendant's criminal history because the prosecution did not file a notice to introduce other-acts evidence under MRE 404(b) or MCL 768.27a. MRE 404(b)(2) requires the prosecution to file a notice of intent to use other-acts evidence, but MCL 768.27a does not. MCL 768.27a(1) merely requires the prosecution to "disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered." Accordingly, the absence of a notice does not demonstrate that the prosecution was unprepared to use evidence of prior acts of criminal sexual conduct at trial. Moreover, the prosecution's emphasis in closing argument on the 40-year age gap between defendant and KW to highlight the sexual nature of defendant's game of "grab a**," combined with the prosecution's argument that a child under 16 years of age cannot consent to sexual conduct with an adult, did not require any evidence of a prior CSC-IV conviction. That argument reflects the prosecution's theory of the sexual nature of defendant's touching of KW's buttocks, and gives insight into questions the prosecution would have asked on cross-examination had defendant chosen to testify. Even in the absence of other-acts evidence, defendant has not shown that trial counsel's advice discouraging defendant from testifying was not sound.

In sum, the trial court did not abuse its discretion by declining to hold an evidentiary hearing, and the trial court did not err by rejecting defendant's ineffective assistance of counsel claim.

We affirm.

/s/ Patrick M. Meter
/s/ Kathleen Jansen
/s/ Michael J. Kelly