*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 4, 2020

Plaintiff-Appellee,

v

No. 349082
St. Clair Circuit Court
LC No. 18-002783-FH

DARIN REY ALDRIDGE,

Defendant-Appellant.

Before: BECKERING, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the sentences imposed after pleading guilty to malicious destruction of a building valued at $1,000 or more but less than $20,000, MCL 750.380(3)(a), and third-offense attempted domestic violence, MCL 750.81(5). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent terms of 4 to 10 years' imprisonment for the malicious destruction of a building conviction, and 40 months to 5 years' imprisonment for the third-offense attempted domestic violence conviction. We affirm.

As a preliminary matter, defendant has raised a number of sentencing and ineffective-assistance issues in his two briefs filed with this Court. When we granted defendant's delayed application for leave to appeal, however, we explicitly limited this appeal to the "issues raised in the application and supporting brief." *People v Aldridge*, unpublished order of the Court of Appeals, entered July, 10, 2019 (Docket No. 349082). Accordingly, the only issue properly before us at this time is whether defendant is entitled to resentencing on the basis of the trial court having improperly assessed offense variable (OV) 13.[2]

---

[1] *People v Aldridge*, unpublished order of the Court of Appeals, entered July, 10, 2019 (Docket No. 349082).

[2] Our Court rules expressly state that unless otherwise indicated, an appeal granted by leave is limited to the issues raised in the application and supporting brief. MCR 7.205(E)(4). While it is

"We review the trial court's factual determinations regarding an OV score for clear error; such determinations must be supported by a preponderance of the evidence." *People v Walden*, 319 Mich App 344, 348; 901 NW2d 142 (2017). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *Id*. "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded by statute on other grounds in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

"Offense variable 13 is continuing pattern of criminal behavior." *People v Gibbs*, 299 Mich App 473, 487; 830 NW2d 821 (2013), quoting MCL 777.43(1). A trial court may properly assess 25 points for OV 13 where the offense "was part of a pattern of criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). MCL 777.43(2)(a) states that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." "Therefore, in order for the sentencing offense to constitute a part of the pattern, it must be encompassed by the same five-year period as the other crimes constituting the pattern." *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006). Further, only crimes designated as a "crime against a person" can be used to support a 25 point score for OV 13. *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011).

Defendant pleaded guilty to malicious destruction of a building, $1,000 or more but less than $20,000, MCL 750.380(3)(a), which is categorized as a property crime, MCL 777.16s, and third-offense attempted domestic violence, which is categorized as a crime against a person. MCL 777.16d. Defendant contends that because the offense of malicious destruction of a building is a crime against property, that offense cannot be part of a pattern of felonious activity under the meaning of the statute. Indeed, in *People v Pearson*, 490 Mich 984; 807 NW2d 45 (2012), the Michigan Supreme Court stated that, "for purposes of scoring OV 13, a 'crime against public safety,' may not be transformed into a 'crime against a person,' in order to establish a continuing pattern of criminal behavior under OV 13." Thus, because the sentencing offense of malicious destruction of a building is categorized as a property crime, this sentencing offense could not be considered in scoring OV 13.

---

true that indigent defendants may raise issues in a Standard 4 brief that their attorneys elect not to raise in their main appellate briefs, nothing in the language of Michigan Supreme Court Administrative Order 2004-6 excludes standard 4 briefs from the operation of MCR 7.205(E)(4). At the same time, nothing in the language of that court rule precludes this Court from discretionary review of issues not raised in the application, and our Court frequently exercises its discretion in favor of reviewing issues raised by criminal defendants that might otherwise not be reviewed. In any event, because we conclude that any errors defendant raises in his standard 4 brief will not affect the outcome, we have chosen not to address them.

However, the sentencing offense of third-offense attempted domestic violence, is a crime against a person that could be properly considered in scoring OV 13. In addition, defendant's PSIR shows that on October 25, 2018, defendant pleaded no contest to third-offense domestic violence, MCL 750.81(2), and assault by strangulation or suffocation, MCL 750.84(1)(b). On December 13, 2018, defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 6 to 20 years' imprisonment for those offenses. Defendant only argues that his malicious destruction of a building should not be considered for purposes of scoring OV 13. However, OV 13 expressly provides that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." Third-offense domestic violence and assault by strangulation or suffocation are both crimes against a person. MCL 777.16d. Therefore, because defendant engaged in a pattern of criminal activity involving three crimes against a person within a five-year period, the trial court properly assessed 25 points for OV 13.

Affirmed.


/s/ Jane M. Beckering
/s/ Karen M. Fort Hood