*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CAMRYN TERI LOCASH,

      Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 346291
Jackson Circuit Court
LC No. 17-005153-FH

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

BOONSTRA, P.J. (*concurring in the result*).

I concur in the result and in the majority's decision to affirm defendant's convictions. I write separately because on this record I cannot conclude, as does the majority, that that the trial court clearly erred.

The trial court found, following an evidentiary hearing, that defendant's trial counsel had advised defendant that he did not have to testify. It therefore denied defendant's motion for a new trial. The majority now addresses an issue the trial court did not address and opines that defense trial counsel, in order to provide constitutionally effective representation, must specifically advise defendants not only that they have a right not to testify, but that their decision not to testify cannot be used against them. But while giving that advice would certainly seem to be good practice, at least in some circumstances, this case is not the proper vehicle, in my judgment, for determining whether it is constitutionally mandated in all circumstances.

The majority cites *People v Bonilla-Machado*, 489 Mich 412; 803 NW2d 217 (2011), as the sole authority in support of its conclusion. Yet, while *Bonilla-Machado* does state that "counsel must advise a defendant of [the] right" to "testify in his own defense," it does not address whether counsel must advise a defendant of his right *not* to testify. More fundamentally, it therefore also does not hold that counsel must inform a defendant that his failure to testify cannot be used against him. Consequently, and while such advice again might be wise, the existing caselaw does not support the majority's broadly-stated conclusion.

Moreover, *Bonilla-Machado* is factually inapposite because the defendant in that case argued that his counsel allegedly coerced him *not* to testify. The import of the holding in *Bonilla-Machado* is that it affirms that the ultimate decision whether to testify remains with the defendant,

and that trial counsel in that case properly advised the defendant regarding the risks of testifying. *Bonilla-Machado* simply does not speak to whether defense trial counsel is constitutionally ineffective whenever he or she fails to advise a defendant that he has a right not to testify or, more specifically, to further advise a defendant that a decision not to testify cannot be used against him.

Further, the evidentiary record relating to this issue, which was developed in the trial court after we remanded for a *Ginther*[1] hearing,[2] does not, in my judgment, support the majority's conclusion that there was clear error in this case. As the majority notes, defendant and his trial counsel offered dramatically different testimony at that hearing. Defendant testified that his counsel never discussed with him his right not to testify at trial. Trial counsel testified that he did. The trial court believed trial counsel, holding, "In this particular case I don't even think we get past the first prong of that [ineffective assistance of counsel] analysis meaning that I find Attorney Brandt's testimony to be credible and that he did advise the defendant that he did not have to take the stand." Although appellate counsel cross-examined trial counsel concerning whether he believed he had the duty to inform defendant that his silence could not be used against him if he did not testify, that issue was not the focus of the *Ginther* hearing or the trial court's ruling.

Now, however, the majority has shifted the focus of the inquiry to whether trial counsel additionally informed defendant that if defendant chose not to testify, his silence could not be used against him at trial, and whether the trial court clearly erred by failing to find that he did not. But while that was always a collateral part of defendant's appellate counsel's argument, it does not reflect defendant's actual position, as defendant himself made clear in his testimony at the *Ginther* hearing. Defendant's position, which the trial court found not to be credible, is that his trial counsel never gave him a choice; rather, defendant testified, his trial counsel did not advise him *at all* about his right to testify (or not), but merely *assumed* that defendant *would* testify. Defendant's appellate counsel argued consistently with that position at the *Ginther* hearing. By contrast, trial counsel testified that, although he believed defendant's testimony would aid his chances at trial and that defendant risked witness testimony going unrefuted by not testifying, he did advise defendant that he had a right not to testify.

It is thus apparent from the record that defendant was advised that he did not have to testify, and that he made an informed choice to testify because choosing not to testify would have left the testimony against him unrefuted. The failure to further advise defendant that his silence could not be used against him does not undermine the informed nature of defendant's decision to testify because, as defendant's trial counsel correctly advised him, the jury would have remained free to convict him on the basis of the then-unrefuted evidence. Therefore, even if *Bonilla-Machado* required what the majority interprets it to require, I do not find the record in this case adequate to support a finding of clear error in the trial court's decision. For these reasons, and while I otherwise concur in the majority opinion, I concur in the result and in affirming defendant's convictions.

/s/ Mark T. Boonstra

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Locash*, unpublished order of the Court of Appeals, entered August 16, 2010 (Docket No. 346291).

-2-