*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIE LOUIS HATCHER,

        Defendant-Appellant.

UNPUBLISHED
December 09, 2024
10:19 AM

No. 366000
Oakland Circuit Court
LC No. 2022-280598-FC

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13 years of age). The trial court sentenced defendant to concurrent sentences of 25 to 50 years' imprisonment. Because defendant's trial attorney did not render ineffective assistance of counsel, we affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case stems from defendant's repeated sexual assaults of the victim over the course of a seven-month period beginning when she was 10 years old. Defendant lived with the victim and her mother, and defendant and the victim often spent time alone together playing video games, watching television, and "play fighting." On one occasion, while the victim's mother was at work and the victim and defendant were "play fighting," defendant covered the victim's face with a pillow and rubbed his penis on her vagina. He ejaculated on her vaginal area before leaving the room and going into the bathroom. A similar incident occurred while the victim was left alone with defendant because her mother was in a rehabilitation program. Thereafter, the sexual conduct escalated. The victim recalled an incident during which defendant tied her arms to her legs behind her back with the belt of a bathrobe, which he also tied around her neck. He then anally penetrated her with his penis while she told him to stop and tried to untie herself. She called for her mother, but her mother was asleep and did not respond.

The victim did not tell her mother about the sexual assaults because they had a strained relationship, but the victim eventually told her school principal about defendant's conduct. She also told a nurse practitioner about the sexual assaults during a medical appointment regarding an

unrelated injury. The prosecution charged defendant with three counts of CSC-I, and, as previously stated, the jury convicted him of all three charges.

This appeal followed.

## II. STANDARDS OF REVIEW

"Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). We review a trial court's factual findings, if any, for clear error and review de novo questions of constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Although defendant preserved his claims of error for appellate review by moving to remand this case for a *Ginther*[1] hearing, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020), because this Court denied his motion[2] and a *Ginther* hearing was not held, our review is limited to mistakes apparent on the record, *People v Lane*, 2308 Mich App 38, 68; 862 NW2d 446 (2014).

## III. ANALYSIS

Both the United States and Michigan Constitutions guarantee criminal defendants the right to the assistance of counsel, which includes the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). To establish a claim of ineffective assistance of counsel, a defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness and that (2) there exists a reasonable probability that the outcome would have been different but for counsel's deficient performance. *Head*, 323 Mich App at 539. "The effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Muniz*, 343 Mich App 437, 448; 997 NW2d 325 (2022) (quotation marks, brackets, and citation omitted). In addition, attorneys are provided broad latitude in determining trial strategy, and a strong presumption exists that counsel's decisions constituted sound trial strategy. *Yeager*, 511 Mich at 488. "However, counsel's strategic decisions must be objectively reasonable." *Id*.

Defendant argues that defense counsel rendered ineffective assistance of counsel by: (1) failing to present video evidence of the victim and defendant playing and spending time together, (2) advising defendant not to testify at trial notwithstanding defendant's desire to testify, (3) failing to call Shaquana Lee as a witness, (4) failing to inform defendant that he could be convicted on the basis of the victim's testimony alone, and (5) failing to request a bench trial contrary to defendant's wishes.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Hatcher*, unpublished order of the Court of Appeals, entered April 19, 2024 (Docket No. 366000).

## 1. VIDEO EVIDENCE

Defendant first argues that defense counsel rendered ineffective assistance of counsel by failing to present video evidence showing the victim and defendant playing and spending time together after the alleged sexual assaults began. We disagree.

On the first day of trial, defendant gave defense counsel a video depicting he and the victim playing together. Counsel moved for an adjournment in part because of his late receipt of the video, but the trial court denied the request. Thereafter, trial proceeded without defense counsel seeking to admit the video as evidence. "Decisions regarding what evidence to present . . . are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). "We will not second-guess counsel on matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight." *Id*. Accordingly, we presume that counsel's decision not to seek admission of the video was a matter of trial strategy, and we will not second-guess that decision. In any event, the evidence would have been cumulative of the victim's testimony. The victim testified that she continued to spend time with defendant and "hang out" with him after the sexual assaults occurred until she told her principal about his conduct. Our Supreme Court has recognized that the failure to present cumulative evidence does not constitute ineffective assistance of counsel. *People v Carbin*, 463 Mich 590, 603-604; 623 NW2d 884 (2001).

## 2. FAILURE TO CALL DEFENDANT TO TESTIFY

Defendant next contends that his attorney rendered ineffective assistance of counsel by advising him not to testify despite his desire to testify. "A defendant's right to testify in his own defense arises from the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *Id*.

Following a break in the proceeding, defense counsel stated on the record that he advised defendant of his right to testify and defendant did not wish to testify. The trial court swore defendant in, and defendant acknowledged his right to testify and his understanding that the court could not compel him to testify. He also stated that he wished to waive his right to testify and was aware that his decision could not be held against him. Defendant now argues that his attorney advised him not to testify despite his desire to do so. To the extent that defense counsel advised defendant not to testify, defendant has failed to overcome the presumption that counsel's advice constituted sound trial strategy. Moreover, by failing to provide any support for his claim that he desired to testify, contrary to his statements on the record, defendant has failed to establish the factual predicate for his claim of error. The defendant "bears the burden of establishing the factual predicate for his claim." *Carbin*, 463 Mich at 600.

## 3. FAILURE TO CALL WITNESS

Defendant next argues that defense counsel was ineffective for failing to call Shaquana Lee as a witness. "Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). The

failure to a call a witness constitutes ineffective assistance of counsel only if it denied the defendant a substantial defense. *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "A substantial defense is one that could have affected the outcome of the trial." *Id.*

Defendant contends that Lee could have testified regarding the victim's attitude toward him and the "household dynamic" involving the victim, her mother, and him. Defendant fails to establish that counsel's failure to call Lee as a witness deprived him of a substantial defense. In addition, both the victim and her mother testified regarding the victim's attitude toward him. Both witnesses testified that the victim and defendant often spent time together and played together. The victim's mother described defendant as the victim's "buddy." Thus, Lee's testimony would have been cumulative of the testimony of both the victim and her mother. Further, Lee moved out of the home shortly after the first sexual assault occurred, thus limiting the relevance of her testimony. Accordingly, defendant has failed to establish that his trial counsel's failure to call Lee as a witness denied him a substantial defense.

## 4. VICTIM'S TESTIMONY ALONE

Next, defendant asserts that defense counsel rendered ineffective assistance of counsel by failing to inform him that he could be convicted on the basis of the victim's testimony alone. We disagree. Defendant fails to indicate how his attorney's performance fell below an objective standard of reasonableness and how the outcome of the proceeding would have been different but for counsel's alleged deficient performance. See *Head*, 323 Mich App at 539. Defendant also fails to indicate what he would have done differently if his attorney had advised him that the victim's testimony alone was sufficient to convict him. Accordingly, defendant's argument lacks merit.

## 5. FAILURE TO REQUEST BENCH TRIAL

Finally, defendant contends that defense counsel was ineffective for failing to request a bench trial despite defendant's preference for a bench trial rather than a jury trial. We disagree. Defendant has failed to overcome the presumption that counsel's decision to proceed with a jury trial constituted sound trial strategy. In addition, defendant has failed to provide factual support for his claim notwithstanding that he bears the burden of establishing the factual predicate for his claim of error. See *Carbin*, 463 Mich at 600. The record is devoid of any indication that defendant preferred a bench trial rather than a jury trial. Accordingly, defendant is not entitled to relief.

## IV. CONCLUSION

Defendant has failed to show that his trial attorney's performance fell below an objective standard of reasonableness with respect to each of his five claims of error or that he was prejudiced

as a result of his attorney's performance.  As such, he has not established that he was denied the effective assistance of counsel.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan