*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CAMRYN TERI LOCASH,

      Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 346291
Jackson Circuit Court
LC No. 17-005153-FH

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant, Camryn Teri Locash, appeals as of right his jury-trial conviction of unlawful imprisonment, MCL 750.349b; four counts of assault by strangulation, MCL 750.84(1)(b); three counts of third-offense domestic violence, MCL 750.81(5); and one count of interference with electronic communication, MCL 750.540(5)(a). We affirm.

This case arises out of allegations of abuse by defendant against the complainant, defendant's former girlfriend. During trial, the complainant testified about multiple incidents of violence between January and July 2017, during which defendant physically beat and choked her, and physically restrained her to keep her from leaving. She also testified that, on at least one occasion, defendant took away her cellphone so she could not contact anyone.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant asserts that he was denied effective assistance of counsel because his trial counsel failed to properly advise him of his Fifth Amendment right against self-incrimination and that if he elected not to testify, his silence could not be used against him. Defendant also argues that he was denied effective assistance of counsel because his counsel failed to call his mother as a witness. Although we conclude that the trial court clearly erred when it found that defense counsel had adequately informed defendant of his Fifth Amendment rights, defendant has failed to establish that he was prejudiced by his counsel's error. His other ineffective-assistance-of-counsel claim also fails.

-1-

## A. STANDARD OF REVIEW

Whether a defendant has been deprived of effective assistance of counsel is "a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Appellate courts review the trial court's factual findings for clear error, while questions of constitutional law are reviewed de novo. *Id*. A factual finding is clearly erroneous if this Court is "left with a definite and firm conviction that the trial court made a mistake." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotation marks and citations omitted). Defendant preserved his ineffective-assistance-of-counsel issue by filing a motion to remand to the trial court for a *Ginther*[1] hearing. *People v Abcumby-Blair*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 347369); slip op at 8; *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

## B. FIFTH AMENDMENT RIGHTS

The United States and Michigan Constitutions guarantee persons charged with a crime the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011). "In order to establish the right to a new trial premised on ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and, (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Abcumby-Blair*, ___ Mich App at___; slip op at 8. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). The reviewing court must consider the range of potential reasons counsel may have had for proceeding as he or she did. *Id*. "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). Therefore, there is "a strong presumption of effective assistance of counsel." *Id*.

"A defendant's right to testify in his own defense arises from the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." *People v Bonilla-Machado*, 489 Mich 412; 803 NW2d 217 (2011).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, commands that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." The essence of this basic constitutional principle is "the requirement that the State which proposes to convict *and punish* an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips." [*Estelle v Smith*, 451 US 454, 462; 101 S Ct 1866; 68 L Ed 2d 359 (1981) (citations omitted; alterations in original).]

The United States Supreme Court has recognized that "the most basic rights of criminal defendants are subject to waiver[.]" *New York v Hill*, 528 US 110, 114; 120 S Ct 659; 145 L Ed 2d 560 (2000) (quotation marks, alterations, and citation omitted). "The immunity from giving testimony is one which the defendant may waive by offering himself as a witness." *People v Clary*, 494 Mich 260, 267; 833 NW2d 308 (2013) (quotation marks and citation omitted). However, "the Fifth Amendment prohibits using a defendant's failure to take the stand as substantive evidence of guilt." *Id*. at 265. A valid waiver requires "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). See also *People v Cleveland Williams*, 475 Mich 245, 260; 716 NW2d 208 (2006). Our Supreme Court has held that counsel is required to advise a defendant of his or her right to testify. *Bonilla-Machado*, 489 Mich at 419. However, "the ultimate decision whether to testify at trial remains with the defendant." *Id*.

At the *Ginther* hearing, the trial court found that defense counsel had advised defendant that he was not required to testify and that defendant waived his constitutional right to remain silent and chose to testify. Defendant testified that defense counsel did not inform him of his Fifth Amendment right to remain silent or discuss the advantages or disadvantages of testifying or remaining silent. Defense counsel testified that he spoke with defendant about testifying on three occasions before trial. Defense counsel testified that he told defendant that he did not have to testify, but that if he did not "all those allegations [would be] unrefuted." However, defense counsel did not indicate that he informed defendant that, if defendant chose not to testify, his silence could not be used against him at trial.

As indicated, counsel is required to inform a defendant of his or her Fifth Amendment rights before they decide whether to testify or not to testify. *Id*. Trial counsel's failure to adequately advise a defendant of their constitutional right to remain silent and the full protections under the Fifth Amendment before the defendant decides to testify is not objectively reasonable under prevailing professional norms. Although defendant's trial counsel testified that he informed defendant that he did not have to testify, there is no evidence in the record that defense counsel informed defendant that he had a Fifth Amendment right to remain silent and that, if he decided not to testify, his silence could not be used against him at trial. Accordingly, we are "left with a definite and firm conviction that the trial court made a mistake." *Franklin*, 500 Mich at 100 (quotation marks and citations omitted). The court clearly erred when it found that defense counsel adequately informed defendant of his constitutional right to testify or not to testify.

Defendant also asserts that he was denied ineffective assistance of counsel because his counsel failed to confirm on the record that he waived his Fifth Amendment right to remain silent. However, defendant concedes that "[t]here is no requirement in Michigan that there be an on-the-

record wavier of a defendant's right to testify." *People v Harris*, 190 Mich App 652, 661; 476 NW2d 767 (1991). Therefore, this argument has no merit. Although it might have been more prudent for defense counsel to make a record asking defendant whether he understood that he was waiving his Fifth Amendment right to remain silent by testifying, counsel was not required to do so.

"In addition to proving that defense counsel's representation was constitutionally deficient, defendant must show that but for counsel's deficient performance, a different result would have been reasonably probable." *Trakhtenberg*, 493 Mich at 55-56 (quotation marks and citations omitted). "A defendant may meet this burden even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id*. at 56 (quotation marks and citation omitted). "[W]here there is relatively little evidence to support a guilty verdict to begin with (e.g., the uncorroborated testimony of a single witness), the magnitude of errors necessary for a finding of prejudice will be less than where there is greater evidence of guilt." *Id*. (quotation marks and citations omitted).

Here, while defendant asserts that his counsel rendered ineffective assistance of counsel because counsel failed to fully inform him of his Fifth Amendment rights, he does not assert how his counsel's error prejudiced him or argue how the outcome of the trial would have been different but for counsel's error. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Therefore, we may deem this issue abandoned. Nonetheless, even if defense counsel's performance was deficient, defendant has not established that, but for counsel's alleged error, the result of the proceeding would have been different. *Abcumby-Blair*, ___ Mich App at___; slip op at 8.

Even if defendant did not testify, there was substantial evidence against defendant, which included detailed testimony from the complainant in which she described multiple incidents of violent abuse and photographs of her injuries. Defendant merely testified that he did not assault or choke the complainant or hold her against her will. While defendant testified that he was abusive in his previous relationships, his former girlfriends also testified about the incidents of abuse. Defendant also testified that he had pled guilty to multiple charges of domestic violence as a result of abusing two former girlfriends. Defendant's previous convictions of domestic violence and unlawful imprisonment were also admitted into evidence. In light of the direct and circumstantial evidence against defendant in this case, it is unlikely that the jury would have reached a different result even if defendant had not testified. Therefore, defendant has failed to establish that he was denied effective assistance of counsel.

## C. FAILURE TO CALL WITNESS

Next, defendant argues that he was denied effective assistance of counsel because his trial counsel did not call his mother to testify as a witness. We disagree.

"[D]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy[.]" *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (quotation marks, citation, and brackets omitted). This Court has previously held that "the failure to call witnesses only constitutes ineffective assistance of counsel if it

-4-

deprives the defendant of a substantial defense." *Id*. at 398. However, our Michigan Supreme Court recently rejected our holding in *Dixon*:

> The defendant was not required to show, in order to obtain relief for ineffective assistance of counsel, that trial counsel's failure to call witnesses deprived him of a substantial defense. Rather, a claim of ineffective assistance of counsel premised on the failure to call witnesses is analyzed under the same standard as all other claims of ineffective assistance of counsel, i.e., a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51 (2012); see also *Strickland v Washington*, 466 US 668 (1984). [*People v Allen*, ___ Mich ___ (2021) (Docket No. 161605).]

A defendant's ineffective-assistance-of-counsel claim based on the failure to investigate or call witnesses will fail when the defendant does not produce affidavits describing testimony that would have been elicited from those witnesses or shows how the proposed testimony would have benefited the defense. See *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002).

On appeal, defendant submitted the affidavit of his mother. In the affidavit, defendant's mother asserts that defense counsel failed to present vital evidence that she provided to him. Specifically, she asserts that she informed defense counsel that two unnamed witnesses saw complainant attack defendant. The unknown witnesses would further allegedly testify that the complainant locked herself into the bathroom, and then hurt herself. Finally, defendant's mother properly avers that defense counsel failed to call the unidentified witnesses to testify. Defendant's mother also raised other issues with defense counsel's representation of defendant and trial strategy.

Defendant has failed to establish that counsel's decision not to call defendant's mother as a witness fell below an objective standard of reasonableness. The affidavit of defendant's mother does not describe how her testimony would have assisted defendant. Rather, she asserts that defense counsel should have called other witnesses or admitted unidentified evidence. The proposed testimony by defendant's mother would have been hearsay under MRE 801, and would have been properly disallowed by the trial court. Further, defendant's mother does not identify the names of the other alleged witnesses and defendant has not submitted affidavits from those individuals indicating what information they would have provided. Additionally, the affidavit does not specify the evidence that defense counsel allegedly failed to introduce at trial. Defendant has failed to overcome the presumption that defense counsel's decision not to call defendant's mother as a witness was a matter of trial strategy. Therefore, defendant's claim of ineffective assistance of counsel fails.

## II. TRIAL COURT ERROR

Finally, defendant argues that the trial court erred because it failed to inform him of his Fifth Amendment rights not to testify or obtain an on-the-record-waiver of his Fifth Amendment rights before he testified. We disagree.

Defendant failed to object to the alleged error by the trial court. Therefore, this issue is unpreserved. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Unpreserved issues are reviewed for plain error. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Requirements for reversal under the plain-error rule are "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when "the error affected the outcome of the lower court proceedings." *Id*. The defendant bears the burden to demonstrate that an error occurred, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id*. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

The trial court is not obligated to advise defendant of his or her Fifth Amendment Rights and "an on-the-record waiver of a defendant's right to testify" is not required. *Harris*, 190 Mich App at 661.[2] While it may be a 'best practice' for a trial court to make a record regarding a defendant's decision to testify or not to testify, it is not the trial court's responsibility. Therefore, defendant is not entitled to appellate relief because he has not established that an error occurred.

Affirmed.

/s/ Stephen L. Borrello
/s/ /Michelle M. Rick

---

[2] We note that this Court has held that "if a trial court finds that it is necessary to inform a witness of his [or her] Fifth Amendment rights, the court should do so out of the presence of the jury." *People v Avant*, 235 Mich App 499, 515; 597 NW2d 864 (1999).